GREGG MAXCY, Trading as RIDGE FRUIT COMPANY, *Plaintiff in Error*, v. WAUCHULA DEVELOPMENT COMPANY, a Corporation, *Defendant in Error*.

Division A.

Opinion filed March 2, 1929.

*Huffaker & Edwards* and *Latimer C. Farr,* for Plaintiff in Error;

*S. D. Williams,* for Defendant in Error.

Ellis, J.—The Wauchula Development Company, brought an action in *assumsit* against Gregg Maxcy, doing business as Ridge Fruit Company. The action was upon an express promise to pay for "goods purchased" by the defendant from the plaintiff; for "work and materials furnished unto the defendant by the plaintiff at the defendant's request" and on "accounts stated between plaintiff and defendant." See Chase & Co. v. Miller, 81 Fla. 472, 88 So. Rep. 312.

A bill of particulars was attached to the declaration and made a part of it. That bill of particulars shows that the "goods purchased" consisted of eight car loads of crate material. The first item charged was on October 5, 1923, and the last item January 2, 1924. The action was begun on November 1, 1926.

The pleas interposed were: First, that the cause of action accrued in Polk County, that the defendant resides in and

was served with summons in Polk County and claims the privilege of being sued in that county; second, that the defendant is not indebted in the manner and form as alleged; third, that the cause of action did not accrue within three years, and fourth, that the account sued on is due by another and not by the defendant and he has never agreed in writing to pay the account.

The record states that in March, 1927, the parties submitted the cause on the issues joined between them and the jury returned a verdict for the plaintiff in the sum of $5,648.20 and judgment was entered for that sum. Just what issues were joined by the parties it is difficult to ascertain from the pleas so far as the merits are concerned.

The first plea raised a question of privilege to be sued in the county of the defendant's residence. The second plea presents no issue. It is neither the general issue on an action upon an implied or express *assumpsit* nor a plea of confession and avoidance. The third plea is good as presenting the defense of the statute of limitations, and the fourth plea was in effect a plea on the general issue because if the debt was the debt of another and the defendant had not agreed in writing to pay it, then he had not promised as alleged.

Under this plea, giving to it the merits of a plea of the general issue which it strictly does not possess, it denies that the contract stated was in fact made; that the statement of the contract is wrong in terms or omits a material part, or the subject matter of the contract is misdescribed, or that the promise of the defendant is not the agreement pleaded or that he made no promise at all. It does not, however, deny the breach or the performance by the plaintiff of a condition precedent to his right to sue. See Shipman's Common Law Pleading, 284.

The evidence in the case does not support the contract de-

clared on. The testimony of the manager of the plaintiff corporation shows that while his dealings were with Mr. Maxcy he understood that Maxcy was interested with others; that the Ridge Fruit Company was a partnership; that Maxcy arranged for the crate materials to be charged to the Ridge Fruit Company; the manager understood that other people were associated with Mr. Maxcy in that company and Maxcy made no promise in writing to pay the account.

The manager did not know who the associates or co-partners of Mr. Maxcy were, nor did he make any effort to discover them but was willing to sell the goods to the partnership and carry the account in the name of the partnership on the faith of Mr. Maxcy's connection with it. But that does not prove a several liability against the defendant for goods that were sold to a co-partnership, even though the other member of the co-partnership were not known to the plaintiff. The manager of the plaintiff corporation testified that he "understood the firm (Ridge Fruit Company) was Mr. Maxcy and some associates doing business as Ridge Fruit Company. Mr. Maxcy was the main man and it was on his reputation and my acquaintance with him that I granted credit to the concern without following an investigation. I would not have extended credit to Ridge Fruit Company had I not believed that Mr. Maxcy was individually and personally responsible at the time of the shipments."

The evidence is clear that the contract was an implied *assumpsit* of the Ridge Fruit Company, a co-partnership composed of the defendant and others. The declaration is in express *assumpsit* against the defendant individually.

The point is also presented that as the cause of action accrued in Polk County, and the defendant resided in that county, the action could not have *begun* in Hardee County unless the plaintiff had filed with his *praecipe* an affidavit

that the action was brought in good faith and with no intention to annoy the defendant. See Sec. 2579, Revised General Statutes, 1920 (Sec. 4219, Compiled General Laws, 1927), that as the affidavit was not filed until two months and ten days after the suit was begun the court had no jurisdiction to try the case. The point was raised by a motion to dismiss.

We think the motion to dismiss the action for non-compliance with the requirements of the statute was a correct proceeding, assuming that the record then showed upon its face the jurisdictional defect.

Without determining the point, however, as to the effect of a failure of the plaintiff to comply with the statute, we hold that the issue presented by the first plea upon which the parties seem to have gone to trial was sustained by the evidence and the cause should have been dismissed.

The judgment is reversed with directions to dismiss the action.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.