RICHARD L. BAILEY v. D. R. CRUM and RALPH CRUM.

162 So. 356.

Division B.

Opinion Filed June 6, 1935.

*Ed R. Bentley* and *Shackleford, Ivy, Farrior & Shannon,* for Appellant;

*Martin & Martin,* for Appellees.

ELLIS, P. J.—This in an appeal from a decree vacating and setting aside an order *pro confesso* and final decree both entered in the same suit in which the final decree appealed from was entered upon the ground that the complainant in the suit, Richard L. Bailey, had not nor had anyone in his behalf complied with the requirement of Section 4219, Com-

piled General Laws, 1927, in relation to the locality of actions.

. That section provides that suits shall be begun only in the county, where the defendant resides or where the cause of action accrued or where the property in litigation is. It also provides that if the suit is brought in any county "where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant." It is provided also that the section shall not apply to suits against non-residents .

The suit in this case was one to require specific performance of a contract for the sale of land. The suit was brought in Polk County in which the land is located.

The subpoena in chancery was served upon the Crums in Hillsborough County. The, bill was filed on February 21, 1927. The subpoena was served February 23, 1927, and on March 7, of the same year Mr. Ed R. Bentley as counsel for the complainant made and filed in the clerk's office an affidavit that the suit was in good faith and without intending to annoy the defendants.

The subpoena was returnable on the 7th day of March. On April 4th following a decree *pro confesso* was entered against the defendants.

On the 18th day of April a final decree was made and duly entered the 23rd day of that month.

About seven years thereafter solicitors for the defendants moved to set aside the decree *pro confesso* and final decree.

. No action seems to have been taken on that motion but on the 2nd day of March, 1934, an amended motion was filed by solicitors in behalf of the defendants in which the

averments of the original motion were repeated in substance and the additional ground was urged that the complainant failed to comply with the requirement of Section 4219, Compiled General Laws of Florida in that he did not make and file with the bill of complaint an affidavit that the suit was brought in good faith and with no intention to annoy the defendant, but that such affidavit was not filed until twelve days after the filing of the bill of complaint.

The chancellor on the 6th day of August made the order from which this appeal is taken.

The Chancellor wrote a comprehensive opinion upon the subject presented by the motion in so far as it raised the question of the jurisdiction of the court to entertain the suit because of the failure of the compalinant to file with the bill of complaint the affidavit of good faith required by the statute. It was the Chancellor's view that the filing of the affidavit subsequently to the filing of the bill "did not in any wise cure the failure to file it at time required by law." That the filing of the affidavit with the filing of the bill was a jurisdictional prerequisite without which the court acquired no jurisdiction to make or enter the orders and that the same were void. The Chancellor expressed the view in his opinion that the case of Maxcey v. Wauchula Development Co., 97 Fla. 310, 120 Sou. 852, was decisive of the question.

The Chancellor in his opinion referred to the fact which is disclosed by the record that the affidavit of good faith was not filed "until sometime after service of the subpoena in said cause had been made on the defendants."

A suit in equity is not begun until a bill is filed and no process of subpoena may be issued until the bill is filed in the clerk's office. See: Rule 10 Equity Actions. The Stat-

ute Section 4219 C. G. L., contemplates that a suit may be brought in equity in a county where the defendant does not reside but in such case the affidavit of good faith shall be filed with the bill. If the filing of the affidavit with the bill where the defendant does not reside in the county is a jurisdictional prerequisite then both the bill and affidavit are essential to the issuing of process of subpoena. The reference in the decree therefore to the affidavit having been filed after the service of the subpoena has no bearing upon the conclusion reached by the Chancellor, indeed he stated in the decree that it did not cure the supposed jurisdictional defect.

Section 4219 C. G. L., *supra*, has been carried in the same language in which it appears in the Compiled General Laws of 1927, from the Revised Statutes of 1892, Section 998, through the General Statutes of 1906, Section 1383, and the Revised General Statutes of 1920, Section 2579.

The legislation originated with the Act of 1887, Chapter 3721, Section One of which provided, "That hereafter when in any civil suit or proceeding at law in any of the courts of this State, for any purpose whatever, the defendant, defendants or any one of them therein resides or is in any county of this State other than the one in which said suit or proceeding is commenced or is pending any writ, writs, process or notices as authorized by law in civil suits or proceedings when the defendant or defendants reside in the county where the suit or proceeding is commenced shall be issued and appropriately directed, and the sheriff or other proper officer of said county in which said defendant or defendants or any one of them resides or may be found shall execute and serve said writs, process or notices; and return thereof shall be made to the court from which the same emanated and such execution or service and return shall

be valid to all intents and purposes and the defendant or defendants so served legally bound thereby; *Provided, however,* that before any writ, process or notice shall issue by virtue of this Section, the plaintiff or someone in his behalf, shall make affidavit before some officer of this State authorized to administer oaths that said suit or proceeding is, or was, instituted in good faith and with no intention on the part of the plaintiff or plaintiffs, as the case may be, to annoy or defraud said defendant or defendants."

In 1889 the Legislature by Chapter 3905 provided for the revision and consolidation of the public statutes of the State. The Commissioners appointed by the Governor to perform this work were authorized to revise, simplify, arrange and consolidate all the public statutes of England, of the Territory and of the State of Florida, which are general and permanent in their nature and which shall be in force in this State at the time such Commissioners shall make their final report. The Act proceeded to outline the manner of their work and contained a provision that no changes shall be made in the phraseology of any statute that has been the subject of judicial decision by which the construction thereof as established by such decision shall or can be impaired or affected.

The Act adopting and providing for the publication of the Revised Statutes was approved June 8, 1891. By proclamation of the Governor made in May, 1892, the Revised Statutes went into effect thirty days thereafter.

Under the provisions of the Act of 1829 as amended by Chapter 1938, Acts of 1873, McClelland's Digest, p. 811, Sec. 5, all process was required to run in the name of the State of Florida, and made returnable to the next ensuing rule day of the court from which it issued. A summons *ad respondendum* was required to be made returnable to

the court having jurisdiction over the county in which the defendant resided or the cause of action accrued, and the cause could not be tried in any other county unless for good cause shown the "venue" should be changed. In case there were two defendants residing in different counties it was lawful for the plaintiff to commence his action in either circuit or county in which the other defendant resided. It was made the duty of the officer to serve the summons and return it to the office from which it issued.

In the case of Bucki v. Cone, 25 Fla. 1, 6 So. 160, the Court treated the Act as prescribing venue. The action was for damages to a toll bridge extending from one county to another and was brought in a third county. The Court said, referring to the statute, McClelland's Digest, *supra*, that the objection to the venue should be made by plea in abatement, that it was not available either on demurrer or after trial on pleas to the merits.

See also Curtis and Shaw v. Howard, 33 Fla. 251, 14 So. 812. In that case the Court speaking through Mr. Justice Mabry, said: "When sued in a personal action of which the court has jurisdiction in a county other than the one in which he resides or the cause of action accrued, the defendant can waive the privilege given him by the statute (referring to Chapter 3721, Laws of 1887, *supra*) and when he does not insist on it, a valid judgment can be rendered against him."

In the case of Sanchez v. Haynes, 35 Fla. 619, 18 So. 27, decided three years after the Revised Statutes went into effect this Court, speaking through Mr. Justice Taylor, referring to Chapter 3721 *supra*, said: "As the law existed long prior to the passage of the above mentionel statute, a civil suit of the kind under consideration could be brought only in the county in which defendant resided, or the county

in which the cause of action accrued. McClelland's Digest, Sec. 5, p. 811. Until the adoption of the above mentioned Act of 1887, however, there was no provision of law by which service of process could be procured in such cases, when the suit was instituted in any county other than the one in which the defendant resided, unless the defendant could be caught within and served with such process *in the county in which the suit was brought*. Russ v. Mitchell, 11 Fla. 80. The Act of 1887 was designed to perfect the right already possessed by the creditor, of instituting his suit for the collection of his claim in the county where the *cause of action* accrued, whether it was the place of the residence of the defendant or not, by extending him the *further right* to send out the process of the court where his suit was brought in any county of the State within which the defendant might be found either permanently or temporarily located, there to be served upon him by any officer there authorized to serve it. By the terms of Section four of the said Act of 1887, however, the *new right* extended by the Act *to procure services outside of the county in which the suit is brought* is expressly *confined* and *limited* to cases that are rightfully brought in counties where the property in litigation is located, or in which the *cause of action accrued,* or where there is nothing local in the suit, in a county where one of the defendants resides when there is more than one defendant.

"If a suit should be unauthorizedly brought in any county where the cause of action did not accrue and in which the sole defendant did not reside and in which property involved was not situated, then, by the provisions of Section 4 said Act, *no proper legal service* could be perfected under said Act by sending the process out and having it served in any other county than the one in which the suit was pending."

In that case the cause of action was an open account, the sole defendant resided in Alachua County beyond the limits of the judicial circuit in which the suit was brought, and there was nothing to show, "elsewhere in the proceeding to indicate that the cause of action *accrued* in St. Johns county or that there is anything connected with the matters involved that is local to St. Johns County" where the action was brought. Although an affidavit of good faith was filed with the praecipe in that case as the statute required the Court held that the *service* made upon the defendant was a nullity, and the Circuit Court of St. Johns County did not thereby acquire jurisdiction over the person of the defendant so as to authorize the entry of either a default or final judgment against him.

Section 4 of Chapter 3721, *supra,* provides that nothing in the Act shall authorize the *bringing* of any civil, suit or proceeding at law in *any other capacity* than the *one* in which the *property* in litigation is, or in which the cause of action accrued. When, however, there is nothing local in the suit it may be brought in any county where the defendant or *any one* of the defendants, if there be more than one, shall reside.

Chapter 3721 *supra* affected or modified that law only to the extent of requiring, that, in cases where the cause of action accrued in or the subject matter was local to the county where the action was brought and the defendant resided in another county, an affidavit of good faith should be filed with the praecipe or bill in chancery before any writ, process or notice shall issue.

In other words the territorial jurisdiction of the circuit court in such classes of controversies as are cognizable by that court was extended beyond the territorial limits of the county in which the suit is brought where either the cause

of action accrued in such county or the subject matter of the suit is. The residence of the defendant in such county is not essential. Service of process may be made upon him by the sheriff of the county in which the defendant resides and the same is binding upon him. He is extended the protection, however, which the making and filing of an affidavit of good faith by the plaintiff affords. It is a personal protection against annoyance arising from being required to defend a suit in a county other than that of his residence and one which this Court in many cases has said he may waive by not pleading his right at an appropriate time. See Bucki v. Cone, 5 Fla. 1, 6 So. 160; Curtis v. Howard, 33 Fla. 251, 14 So. 812; Baker and Holmes Co. v. Indian River State Bank, 61 Fla. 106, 55 So. 836; Director General of Railroads v. Into, 83 Fla. 377, 91 So. 269; County of Santa Rosa v. Tarbuck, 77 Fla. 86, 80 So. 748; Nettles v. Gulf Fertilizer Co., 78 Fla. 490, 83 So. 298; Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 So. 517.

In the case of Maxcey v. Wauchula Development Co. *supra,* the defendant pleaded his right to be sued in the county of his residence. There was also a motion to dismiss the action for non-compliance with the requirements of the statute. The Court decided that as the first plea which was the plea of privilege to be sued in the county of defendant's residence was sustained by the evidence the case should have been dismissed. The language of the opinion aside from the misleading phrase "jurisdictional defect" correctly states the Court's view that a motion to dismiss the action if timely made would be granted if the record at the time showed upon its fact the court's lack of authority to try the case.

The Revised Statutes, Section 998, made no change of a material nature affecting the jurisdiction of the court from

the provisions of Chapter 3721, *supra*. See: Crandall's Common Law Practice, p. 20.

The bill in this case does not show that the cause of action accrued in Polk County nor that the subject matter is located there. While the land lies in that county, the suit is for specific performance of an agreement to sell the land and such suits need not be brought in the county where the land lies. See: Morgan v. Eaton, 59 Fla. 562, 52 So. 305; see also Section 4899 C. G. L., when non residents are defendants.

The fact that the written instrument for the sale of the land appears to have been acknowledged in Polk County does not necessarily establish the fact that the cause of action accrued there.

When, however, the court's authority to try the case is challenged by the defendant merely on the ground that he does not reside in the county where the suit is brought and he presents that fact by plea in abatement or a plea of privilege, he must show that the cause of action did not accrue in that county by appropriate averment in his plea. See Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 So. 517.

In the case of Baker & Holmes Co. v. Indian River State Bank, *supra,* the Court held that in some circumstances the court could assume that the suit was brought in a county other than that in which the cause of action accrued. In that case there was an affidavit of good faith, but there was no bill of exceptions, consequently the evidence adduced before the court was not before the appellate court.

In this case there is an affidavit of good faith, tardily interposed it is true, but nevertheless an affidavit of the character required by the statute. The defendant delayed seven years after the decree to move for a vacation of it. The Court will not assume in this case that the cause of

action did not accrue in Polk County and does not hold that the presentation of the motion raising the defendant's right or privilege to be sued in Hillsborough County is both late and defective in not showing by the record that the cause of action did not accrue in Polk County.

The decree vacating the order *pro confesso* and the final decree was erroneous and the same should be reversed.

Reversed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.