SOUTHERN BREWING COMPANY v. R. L. MAY.

165 So. 627.
Division B.
Opinion Filed February 1, 1936.

*McKay, Macfarlane, Jackson & Ramsey, K. I. McKay, Howard P. McFarlane, W. H. Jackson, Maynard Ramsey, J. H. Hansborough* and *Chester H. Ferguson,* for Appellant;

*Whitaker Brothers* and *J. Tom Watson,* for Appellee.

BUFORD, J.—R. L. May, a stockholder in Southern Brewing Company, a Florida corporation with its principal place of business in Hillsborough County, Florida, brought suit in the Circuit Court of Pinellas County against the corporation, seeking an injunction and the appointment of a Receiver, because of certain alleged frauds in the conduct and management of the corporation's business. The corporation filed motion to dismiss and plea of privilege under the provisions of Section 2582 R. G. S., 4222 C. G. L. The plea of privilege was sufficient in its allegations. The contention of May, however, was that the corporation had waived its privilege of being sued in the county of its domicile by a duly authenticated and authorized waiver of that privilege filed with, and in the office of, the Florida Securities Commission, which was created by Chapter 14899, Acts of 1931. The Circuit Court agreed with the contention of the complainant in the court below and granted temporary restraining order, but denied the appointment of Receiver because the court deemed itself to be without jurisdiction to make such appointment by reason of the provisions of Section 3106 R. G. S., 4890 C. G. L. We hold that the court was correct in this latter conclusion.

There are a number of questions presented, but we think that the disposition of one only is necessary because when that one has been resolved the case will be disposed of insofar as its pendency in Pinellas County is concerned.

The waiver of the privilege of the corporation of being sued in the county of its domicile was based upon a waiver filed in the office of the Florida Securities Commission.

That waiver could not be considered of any legal force and effect because it was not a waiver filed in this suit and neither was it a waiver that was required to be filed any-

where under the laws of the State of Florida and, therefore the filing of the same in the office of the Florida Securities Commission had no binding effect upon the corporation as to any suit thereafter filed in the courts of the State of Florida.

The provisions of Section 9 of Chapter 14899, *supra,* are binding only upon corporations not domiciled in this State issuing securities to be disposed of in this State and upon dealers as defined in paragraph 4 of Section 1 of the Act.

The allegations of the plea of privilege were sustained by proof and jurisdiction was assumed by the court upon the theory that the copy of the waiver filed in the office of the Florida Securities Commission was sufficient to effectuate a waiver of the privilege to be sued in the county where the corporation had its principal place of business, or where it usually kept an office for the transaction of its customary business.

It is well settled in this jurisdiction that "The presentation of pleas to the merits or in bar, with a plea of the privilege to be sued in the county where the defendant, a natural person, resides, or with other pleas in abatement has not been regarded as an implied waiver of the right or privilege." Gibbs v. Davis, 27 Fla. 531, 8 Sou. 633; Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 10 Sou. 297; Painter Fert. Co. v. Du Pont, 54 Fla. 288, 45 Sou. 507.

It is also contended that the plea of privilege is abolished by paragraph 2 of Section 33 of Fla. Chancery Practice Act.

In the case of L. B. McLeod Construction Co. v. State, 106 Fla. 805, 143 Sou. 594, it is said:

"Right of domestic corporation to be sued in proper county may be asserted by plea in nature of plea in abate-

ment, filed before or with pleadings going to merits (Comp. Gen. Laws, 1927, Secs. 4220, 4222).

"Pleas asserting statutory privilege to be sued in different county should by specific averments negative plaintiff's right to maintain action in county where brought."

In that case we also held that the plea of privilege such as is here under consideration could be asserted in the nature of a plea in abatement and could be filed before or with pleadings going to the merits, and that the plea does. not challenge the jurisdiction of the court, but asserts the statutory privilege of the defendant as to venue.

The McLeod Construction Company case was a common law suit and it is only referred to here as pertinent to the nature and character of a plea of privilege and may have some persuasive value upon the determination as to whether or not the plea of privilege is abolished by the section of the Chancery Practice Act above referred to.

We hold that paragraph 2 of Section 33 of the Chancery Practice Act, *supra,* does not abolish pleas to the venue or pleas of privilege. This must be true because if that provision of the Chancery Practice Act abolish such pleas, then a plaintiff might file a suit in any jurisdiction and the defendant would be precluded from having the question of venue determined until after he had filed an answer to the merits. In other words, he would be required to answer to the merits, although the court should be finally ousted of jurisdiction to determine the merits, which, of course, would be an absurd requirement.

For the reasons stated, the temporary restraining order should be reversed with directions that the cause be dismissed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.