134 So.2d 826 (1961)
Louis E. WINCHESTER and George R. Winchester, co-partners, d/b/a Winchester Construction Co., and Federal Insurance Company, Appellants,
v.
STATE of Florida for the Use and Benefit of FLORIDA ELECTRIC SUPPLY, INC., Appellee.
No. 2545.
District Court of Appeal of Florida. Second District.
November 22, 1961.
T.T. Turnbull, Turnbull & Hill, Tallahassee, for appellants.
Jack Champlin, Carlton, Whidden & Champlin, Tampa, for appellee.
ALLEN, Acting Chief Judge.
The appellants, defendants below, appeal from an order by the lower court denying their motion to dismiss for improper venue. Suit was brought in the name of the State of Florida for the use of Florida Electric Supply, Inc., which occupies the status of a materialman in the instant controversy. Named as defendants were appellants Winchester Construction Company of Tallahassee, prime contractor on a public works project, its surety, Federal Insurance Company and Tom Dunn Electric Company, Inc., a subcontractor on the project. The parties will hereinafter be referred to as they appeared in the lower court.
Defendant Winchester entered into a contract with the State of Florida for the construction of buildings at Florida State University. Part of the project was subcontracted to defendant Dunn who purchased from plaintiff materials incorporated into the project and who later defaulted in making payment.
Plaintiff, materialman, had entered into the supply contract with defendant, subcontractor, in Hillsborough County. This *827 supply contract provided for payment in Hillsborough County. Plaintiff filed his suit in Hillsborough County against the defaulting subcontractor and joined as defendants the prime contractor and its surety. The suit was brought pursuant to § 255.05, F.S.A., which provides for enforcement of mechanics' and materialmen's liens against a prime contractor and its surety when construction work has been performed for the state. In the order appealed from, the lower court denied defendants' motion to dismiss on the grounds of improper venue and granted plaintiff's motion to strike defendant subcontractor's answer for failure to appear.
Defendants prime contractor and surety contend they could not properly be sued in Hillsborough County and that the proper venue is Leon County where the work was performed. Their argument is that the prime contractor was not a party to the supply contract which was entered into in Hillsborough County; and that since they are the real parties in interest in this case, § 255.05, F.S.A., shows on its face a legislative intent that suits brought thereunder may only be maintained against the prime contractor at the place where the materials were supplied.
Plaintiff states that § 255.05, F.S.A., is not a venue statute and that the general venue provisions in Chapter 46, F.S.A., are controlling. We agree with this contention in that Chapter 255, F.S.A., unlike the similar Federal Miller Act, 40 U.S.C.A. § 270a et seq., contains no provisions with reference to venue.
In 43 Am.Jur., Public Works and Contracts, § 206, it is stated:
"In the absence of any special statutory provision, the jurisdiction of an action on the bond of a surety of the public contractor is determined by rules governing the jurisdiction of ordinary civil actions for damages. * * *"
It is then stated in the following section, § 207, that under the Federal Statutes an action upon the payment bond of a contractor for federal work, given pursuant to the Miller Act of 1935, must be brought in the United States District Court for a district in which the contract was to be performed and executed.
Chapter 255, F.S.A., was patterned after the Miller Act and has for its purpose the protection of materialmen, laborers, etc., where public works are involved, to substitute for the lien usually given for construction projects. J.B. McCrary Company v. Dade County, 80 Fla. 652, 86 So. 612; and Collins, etc., v. National Fire Insurance Co. of Hartford, Fla.App. 1958, 105 So.2d 190.
In a recent case,[1] the District Court of Appeal of Florida, First District, in an opinion by Judge Wigginton, held that in an action by a domestic corporation to recover money owed for materials furnished and services rendered in accordance with a contract, which did not specify place of payment, that the action was properly brought in the county where plaintiff had its principal place of business, as it would be implied that payments were to be made in such county.
The court, in the opinion written by Judge Wigginton, said:
"The rule governing the question here presented was clearly and unequivocally stated by the Supreme Court of this state in the Croker case. [Croker v. Powell, 1934, 115 Fla. 733, 156 So. 146] It was there held that where a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to *828 pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant's breach."
Judge Sturgis, in a dissenting opinion, in the Kite case, supra, said:
"Baruch v. W.B. Haggerty, Inc., 1939, 137 Fla. 799, 188 So. 797, was a case in which venue was sustained on the ground that plaintiff was entitled to maintain its action in the county where payment under the contract was agreed to be made; the court also holding that if no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business where payment under the contract may be made. Here again the court was not confronted with the statute involved on this appeal. Moreover, the facts alleged by the complaint in the cited case clearly indicate that payment under the contract was to be made in the county where the plaintiff resided and the suit was instituted. No such implication appears in the case now on review."
In the case now before this court, where suit was brought in Hillsborough County and sought to be dismissed by appellants, the contract provided that the debt incurred by the subcontractor Tom Dunn Electric Co., Inc., should be paid to the appellee, Florida Electric Supply, Inc., in Tampa, Hillsborough County.
The appellants, in their well-prepared brief, state:
"* * * There can be no question that if the general contractor had ordered the materials directly from the materialman, Florida Electric Supply, Inc., who resided in Tampa, and the order was accepted in Tampa, and the goods were delivered to Leon County, that the cause of action would have then accrued in Hillsborough County; * * *".
The brief however then states that there was no privity between the materialman, Florida Electric Supply, Inc., and the general contractor, Winchester Construction Company, and that therefore the venue should be in Leon County where the construction took place. We must disagree with this conclusion and hold that venue was properly laid in Hillsborough County, Florida.
In the case of Bailey v. Crum, 120 Fla. 36, 162 So. 356, the Florida Supreme Court, in effect, held that a suit for specific performance of an agreement to sell land need not be brought in the county where the land lies. The court discussed the historical development of the venue statutes and, in its opinion on page 359 of 162 So., said:
"* * * The act of 1887 was designed to perfect the right, already possessed by the creditor, of instituting his suit for the collection of his claim in the county where the cause of action accrued, whether it was the residing place of the defendant or not, by extending to him the further right to send out the process of the court where his suit was brought into any county of the state within which the defendant might be found either permanently or temporarily located, there to be served upon him by any officer there authorized to serve it. By the terms of section 4 of said act of 1887, however, the new right extended by the act to procure service outside of the county in which the suit is brought, is expressly confined and limited to cases that are rightfully brought in counties where the property in litigation is located, or in which the cause of action accrued, or, when there is nothing local in the suit, in a county where *829 one of the defendants resides, where there is more than one defendant. (Emphasis ours.)"
While we stated before that our statute, Chapter 255, is not controlled by the Miller Act, which contained venue provisions, it is interesting to note that in the case of United States v. Orshek, 8 Cir., 1947, 164 F.2d 741, it was held that the venue provisions of the Miller Act, 40 U.S.C.A. § 270b, did not prevent suit in one division of the District of Nebraska, although the work had been performed in territory encompassed by another division.
As we have heretofore stated, the lower court is affirmed.
Affirmed.
KANNER and WHITE, JJ., concur.
NOTES
[1] M.A. Kite Company v. A.C. Samford, Inc., Fla.App. 1961, 130 So.2d 99, 101.