201 So.2d 799 (1967)
Harry SINGER and Phillip Schiff, Appellants,
v.
Ben TOBIN, Appellee.
No. 66-711.
District Court of Appeal of Florida. Third District.
June 27, 1967.
Rehearing Denied September 12, 1967.
*800 Dubbin, Schiff, Berkman & Dubbin, Miami, for appellants.
Koeppel & Stark, Miami, for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
These appellants were the defendants below in an action for declaratory decree. The appellee, Tobin, filed his complaint in equity to determine his rights under a written agreement, and prayed for an equitable lien on certain real property in Pinellas County, Florida.
A lengthy hearing was held by the chancellor. The final decree of May 24, 1966 determined that it was the intention of the parties that Tobin have an equitable lien on the real property for the monies which he had advanced in the amount of $768,652.86; that the purposes of the agreement were to be carried out within a reasonable time, and that the purposes had not been fulfilled, and therefore the agreement was thwarted and terminated, and had come to an end.
The decree appointed one of the parties to sell the property at Dade County, Florida, after publishing notice in newspapers in Dade County and Pinellas County, Florida. The appeal is from this final decree.
The appellants contended for the first time at the final hearing that there was improper venue since the suit was an attempt to foreclose property in another county by a complaint filed in Dade County, Florida. The trial court determined that the question of improper venue had been waived by the failure to present it by proper motion prior to the trial. The rule is that a venue objection may be waived, and if not timely or sufficiently asserted, it is the defendant who must bear the consequences. Inverness Coca-Cola Bottling Company v. McDaniel, Fla. 1955, 78 So.2d 100; Former Rule 1.11, Florida Rules of Civil Procedure, (now Rule 1.140, Florida Rules of Civil Procedure, 1967 Revision), 30 F.S.A.
In addition, it should be noted that this was not a foreclosure suit nor a suit affecting the title to the real property, but a suit seeking to establish an equitable lien by a declaratory decree, and that generally *801 courts of equity have the fullest liberty in molding decrees to the necessity of the occasion, regardless of the prayer. See Kingdon v. Walker, Fla.App. 1963, 156 So.2d 208.
A suit in equity may be maintained in any jurisdiction wherein the defendants can be found, even though the suit affects land not within the territorial jurisdiction of the court. Bailey v. Crum, 120 Fla. 36, 162 So. 356 (1935); Baum v. Corn, Fla. App. 1964, 167 So.2d 740; McMullen v. McMullen, Fla.App. 1960, 122 So.2d 626.
The agreement provided that the parties to the suit would purchase and develop a shopping center and that they would have various interests therein. None of the parties were to share in the net income derived from the sale of the project until such time as full and complete payment had been made to Tobin for the sums of money which he had advanced. Another portion of the contract provided that each of the parties obligated himself to do the matters and things required therein promptly and expeditiously, and that time was of the essence. The agreement, however, was incomplete in several respects. It provided for no termination date nor for any contributions between the parties in the event of financial losses at the shopping center.
The chancellor had before him evidence that the shopping center was losing approximately $29,000 a year; that despite the contractual agreement of one of the parties to procure or lease all of the space in the shopping center, the same had not been done as of the date of the final decree, to-wit: May 24, 1966, a period of approximately four years. There was also evidence before the chancellor that the plaintiff had been led to believe that a national chain had obligated itself to become a tenant in the shopping plaza; that the national chain had informed one of the parties that it did not intend to do so; that this information had been withheld from the plaintiff, and that had he known of the expressed intention of the national chain not to locate at the shopping center, he would not have invested the monies heretofore mentioned. There was, in addition, competent, substantial testimony that mortgage financing for the shopping plaza as it existed at the date of final hearing was completely impossible, inasmuch as there was no national chain store located therein, and that three of the seven tenants at the shopping center were delinquent in their rent.
We find that the chancellor had sufficient competent evidence before him on which to find an equitable lien was created for the plaintiff on the property.
In Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409 (1925), it was held that equitable liens arise from two sources: (1) a written contract which shows an intention to charge some particular property with a debt or obligation; and (2) is declared by a court of equity out of general consideration of rights and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case.
The appellant asserts that the court was without authority to establish an equitable lien herein, inasmuch as there was no showing that anyone had been guilty of wrongdoing, or that there was any obligation, or monies due and owing from any of the parties to the plaintiff.
This contention has been answered in the case of Gulf Shore Dredging Company v. Ingram, Fla.App. 1966, 193 So.2d 232, where it was held that a showing of wrongdoing wa not an essential prerequisite to the establishment of an equitable lien.
The appellants' other contentions have been considered and are found to be without merit.
For the reasons stated, the final decree appealed herein is
Affirmed.