453 So.2d 503 (1984)
James R. JUTAGIR, Appellant,
v.
Kenneth MARLIN, Harris J. Buchbinder and Ira M. Elegant, Appellees.
No. 84-987.
District Court of Appeal of Florida, Third District.
July 31, 1984.
Stinson, Lyons & Schuette and Mark D. Greenberg, Miami, for appellant.
Harris J. Buchbinder and Ira M. Elegant and Arnold Nevins, Miami Beach, for appellees.
Before FERGUSON and JORGENSON, JJ. and NORRIS, WILLIAM A., JR., Associate Judge.
PER CURIAM.
The issue presented by appellant's motion to transfer venue is whether a complaint to rescind an agreement for the conveyance of land based on fraudulent misrepresentation, to which there is a counterclaim for specific performance, is a local action which must be heard where the land is located. The trial court correctly rejected appellant's contention that any action in which the major issue involves real property is in the nature of an in rem proceeding, and is a local action.
The test for the proper action venue has generally been not whether the direct effect of the action would be in rem or in personam, but whether the occurrence giving rise to the action could have happened only in one place or might have happened anywhere. Hartford Accident & Indemnity Co. v. City of Thomasville, 100 Fla. 748, 751, 130 So. 7, 9 (1930). In this case, the alleged fraudulent misrepresentations could have been made in any county. Further, an action for specific performance of an agreement to sell land is purely an in personam action which need not be brought in the county where the land is located. Bailey v. Crum, 120 Fla. 36, 46, 162 So. 356, 360 (1935); McMullen v. McMullen, 122 So.2d 626, 631 (Fla. 2d DCA 1960).
The order denying the motion to transfer is AFFIRMED.