567 So.2d 1017 (1990)
Michael J. SPECTOR and William B. Ferrell, Appellants,
v.
OLD TOWN KEY WEST DEVELOPMENT, LTD., a Florida Limited Partnership, Edwin O. Swift, III, Christopher C. Belland and Gerald Mosher, Appellees.
No. 90-1276.
District Court of Appeal of Florida, Third District.
October 9, 1990.
Kenny Nachwalter Seymour & Arnold and Harry R. Schafer, for appellants.
Steel, Hector & Davis and Joseph P. Klock, Jr. and Brian Toppila, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
The trial court's transfer of this action, including both the complaint and a multicount counterclaim, to Monroe County is defended on the ground that the action is governed by the "local action" rule. We conclude otherwise and reverse.
The case began when the appellees, Swift, Belland and Mosher, the general partners of Old Town Key West Development, Ltd., a Florida limited partnership *1018 which has its principal place of business and owns extensive real estate in Monroe County, sued the appellants Spector and Ferrell, two limited partners, to preclude them from alleged greenmail activities and for a declaratory judgment that certain actions the general partners had taken with respect to the partnership were legally appropriate. Because Spector and Ferrell lived here, the action was commenced in the Dade County Circuit Court. Spector and Ferrell counterclaimed against Swift, Belland and Mosher asserting several causes of action in separate counts, claiming generally the right to damages on the ground that the general partners had breached their fiduciary and contractual duties in dealing with the partnership assets. The trial judge then transferred the entire action to Monroe County in an order which stated:
Because [Appellees'] principal place of business is in Monroe County, the property in litigation is located in Monroe County, and the cause of action, if any, accrued in and is local to Monroe County, venue for this cause properly lies in the Sixteenth Judicial Circuit, in and for Monroe County, Florida, not Dade County. Accordingly, this cause be and the same is hereby TRANSFERRED to the Sixteenth Judicial Circuit in and for Monroe County, Florida, for further proceedings.
The appellees base their claim that this ruling was correct on the sole ground that Count II of the counterclaim, which sought, in part, the appointment of a liquidating trustee to dissolve and eventually distribute the assets of the limited partnership, which was made a nominal counter-defendant, see § 620.158, Fla. Stat. (1989), is analogous to one seeking a receivership which, they say, may be maintained only in the county where the pertinent entity owns realty and has its principal place of business.[1] They invoke the "local action" rule which  in contrast to a "transitory" action over which any county may maintain jurisdiction  limits the consideration of an action concerning the title to real estate to the county where the land is located. See Georgia Casualty Co. v. O'Donnell, 109 Fla. 290, 147 So. 267 (1933); State, Dep't of Natural Resources v. Antioch Univ., 533 So.2d 869 (Fla. 1st DCA 1988). Even accepting the validity of the appellees' analogy to a receivership action, we do not agree.
First, a liquidating trustee, like a more traditional receiver, provides only an ancillary remedy for the enforcement of the substantive claims asserted in the proceeding, see Lee v. Lee, 407 So.2d 366 (Fla. 5th DCA 1981); 44 Fla.Jur.2d Receivers § 2 (1984), and thus cannot by definition be said to constitute "the underlying major question in the case," under the test for determining whether an action is local or transitory. Goedmakers v. Goedmakers, 520 So.2d 575, 579 (Fla. 1988). Second, and far more important, it is apparent that, although the real estate owned by the partnership may be involved tangentially in the case  like that owned by the "partners" of a marriage which need not be dissolved where the parties' realty is located, Goedmakers, 520 So.2d at 579  no action for a receiver directly affects the title to the property. It is thus no more than a transitory claim which is not governed by the local action rule. Id.; Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985) (action for rescission or cancellation of contract for sale or exchange of land is transitory, not local action required to be brought where land located); Jutagir v. Marlin, 453 So.2d 503 (Fla. 3d DCA 1984) (complaint to rescind agreement to sell land to which there was counterclaim for specific performance is in personam, not a local action); St. Laurent v. Resort Marketing Assocs., Inc., 399 So.2d 362 (Fla. 2d DCA *1019 1981) (suit for breach of sales marketing agreement for sale of ownership units at condominium resort located in Monroe County need not be brought there because no property "in litigation," as such); Coon v. Abner, 246 So.2d 143 (Fla. 3d DCA 1971) (suit for cancellation of note on real property located in Dade County, venue proper in Orange County where note was executed and made payable).
Moreover, as the opinion in Tower Credit Corp. v. State, 187 So.2d 923 (Fla. 4th DCA 1966) makes clear, any restriction in the maintenance of a receivership action to the county of the entity's principal place of business  whether or not it owns real property and wherever that property may be  arises, not as a matter of the jurisdictional power of the court under the local action rule,[2] but as a privilege granted the entity by the applicable venue statutes. See §§ 47.011, 47.031, Fla. Stat. (1989); see also Le Mire v. Galloway, 130 Fla. 101, 177 So. 283 (1937) (receiver of corporation with New Jersey property properly appointed in Florida where officers of corporation subject to service of process); Southern Brewing Co. v. May, 122 Fla. 443, 165 So. 627 (1936) (suit to appoint receiver for corporation with principal place of business in Hillsborough County barred by applicable, venue privilege which was subject to waiver but was not in fact waived).
In this case, in addition to Count II, the counterclaim contained several other counts asserting concededly transitory causes of action which, the appellees admit, arose in Dade County under the rules stated in Tucker v. Fianson, 484 So.2d 1370 (Fla. 3d DCA 1986), review denied, 494 So.2d 1153 (Fla. 1986) and Saf-T-Clean, Inc. v. Martin-Marietta Corp., 197 So.2d 8 (Fla. 1967). Since this is true, section 47.041, Florida Statutes (1989), which provides that
[a]ctions on several causes of action may be brought in any county where any of the causes of action arose,
requires the determinations that Dade County was the proper venue for the entire counterclaim and that the order transferring the cause therefore cannot stand.[3]Steinhardt v. Palm Beach White House No. 3, Inc., 237 So.2d 590 (Fla. 3d DCA 1970).
Reversed.
NOTES
[1] The appellees' brief claims that Count III of the counterclaim, which sought to require that the appellees-general partners discharge a mortgage which they had allegedly improperly imposed upon partnership property, was "in reality" an action to quiet title and therefore fell under the local action rule. This contention was wisely abandoned at oral argument. See Jutagir v. Marlin, 453 So.2d 503 (Fla. 3d DCA 1984); Singer v. Tobin, 201 So.2d 799 (Fla. 3d DCA 1967), cert. denied, 209 So.2d 672 (Fla. 1968); Baum v. Corn, 167 So.2d 740 (Fla. 2d DCA 1964).
[2] The appellees' reliance upon State, Bd. of Trustees of the Internal Improvement Fund v. Jacksonville, Pensacola and Mobile R.R., 15 Fla. 201, 284 (1875) for the contrary proposition that a circuit court may not appoint a receiver of property located outside its boundaries, is completely misplaced. The case is not based on the local action rule at all, but upon a then-applicable restriction of the territorial power of Florida courts, which subsequent constitutional changes have rendered entirely obsolete. Tower Credit Corp. v. State, 187 So.2d 923 (Fla. 4th DCA 1966).
[3] The demonstrated inapplicability of the local action rule, which is the sole basis asserted in support of the decision below, makes it unnecessary for us to consider any of the other substantial challenges to the order.