BEN HAIMOVITZ, *Appellant,* v. DANIEL HAWK, SR., SOL TAYLOR, SAM KENT, ELBERT FRYER, CARLOS SUTTON AND JOHN MILLER, AS TRUSTEES FOR THE ST. MATTHEWS MISSIONARY BAPTIST CHURCH, A VOLUNTARY ASSOCIATION, *Appellees.*

Opinion Filed July 12, 1920.

1. After a demurrer to the whole bill is overruled a second demurrer to the whole bill is not allowable.

2. To an amended bill the defendant has a right to interpose a new demurrer, notwithstanding a previous demurrer to the bill has been overruled.

3. The orderly procedure for testing the legal sufficiency of a bill, whether before or after amendment, is by demurrer, and in this way only can the question be saved for review on appeal.

4. The execution of notes and a mortgage on real estate to secure the payment of such notes by individuals as trustees is sufficient to put persons dealing with such instruments upon inquiry of the powers possessed by such individuals.

5. Where the validity of instruments sought to be enforced depends upon whether the persons' executing such instruments had power to do so, it is necessary to allege and prove the existence of such power.

6. Where complainant relies for his cause of action on a ratification of an unauthorized contract by a trustee or agent he must set out the facts necessary to constitute such ratification.

7. When complainant asserts that validity has been imparted to an instrument invalid in its inception because of absence of authority in its makers to execute it, and upon the validity of which his right of recovery depends, he should set up the facts imparting such validity in order that defendants may know of what the cause of action consists.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

*J. T. Watson,* for Appellant;

*Macfarlane & Macfarlane,* for Appellees

WEST, J.—Suit was brought to foreclose a mortgage upon real estate. The suit was in the name of the payee and owner of several promissory notes and the mortgage

which was given to secure their payment. The notes and mortgage were made by certain alleged trustees of the congregation of a designated church.

The original bill of complaint was demurred to. Thereupon an amended bill was filed. The amended bill was also demurred to. Upon a hearing on this demurrer an order was made overruling it as to all the grounds alleged except one, and as to this ground the demurrer was sustained. The demurrer raised the question of the sufficiency of the allegations of the bill with respect to the authority of the trustees to make the mortgage upon the property of the church, and also with respect to a ratification by the congregation of the alleged action of the trustees in executing such mortgage.

The ground of the demurrer upon which it was sustained raised the question of the necessity of making the membership of the congregation parties defendant. It was sustained upon this ground for the reason, as stated in the order, that the bill did not allege sufficient reason for not making the membership of the congregation parties defendant. The complainant at the hearing asked permission to amend his bill instanter. Permission to do so was granted and the amendment, so the order recites, was thereupon, by direction of the court, made by interlining it in the bill. The amendment so inserted alleged complainant's reason for his omission of the members of the congregation as parties defendant.

Defendants were allowed until the following rule day to further plead to the bill, at which time a demurrer to the bill as amended was filed.

Upon this appeal the contention is made that the demurrer to the amended bill as amended amounted to a sec-

ond demurrer to the same bill and was, therefore, under the established rule forbidding this practice, not allowable. This is the settled rule of chancery practice here as elsewhere. Hull v. Burr, 61 Fla. 625, 55 South. Rep. 852, 6 Ency. Pl. & Pr. 429. But the question here is does this rule apply to the case under consideration? The demurrer to the bill was sustained by the court because of the failure of complainant to sufficiently allege the reason for his failure to bring in as defendants persons whom the court conceived to be necessary parties defendant. To cure this defect pointed out by the court's ruling, upon application, leave was granted complainant to amend his bill and the bill was amended. Can it be said that in permitting complainant to insert an amendment the court passed upon the sufficiency of the bill as amended? We think not. In allowing amendments to pleadings or permitting amended pleadings to be filed courts do not necessarily pass upon the legal sufficiency of such amendments or amended pleadings. How then may the defendants test the sufficiency of complainant's amended bill as amended? Necessarily by demurrer. They can save the point for review by the appellate court in this way only. After the amended bill was amended it was not "the same bill" under the rule stated, and, therefore, the rule does not apply. Bowes v. Hoeg, 15 Fla. 403.

We consider then the controlling questions presented by the demurrer to the bill, namely, are the allegations of the bill sufficient to show authority in the alleged trustees to mortgage the property of their *cestui que trust,* the congregation of the church? and if not, are the allegations of ratification of such action sufficient to withstand the demurrer? Obviously these questions and the question of whether the members of the congregation

should be made parties defendant, or a sufficient reason given for the failure to do so, are intimately related.

The bill contains the following paragraph: "Your orator further shows to the court that he does not know whether the execution of said note and mortgage on the part of said trustees was authorized by the said church at the time that the same were made and delivered to him, but he charges and alleges that the execution and delivery of said mortgage and note were subsequently prior to the institution of this suit, ratified and assented to by the said church society, the cestui que trust for the land described in said mortgage." It contains also an allegation that the defendants were trustees to hold the legal title to the mortgaged property, but in the brief on behalf of appellant, complainant below, filed in this court counsel says that he does not think that the alleged trustees had the power to mortgage the church property without authority from the members of the congregation. It would seem, therefore, that the admitted absence of any knowledge by complainant of any authority by said trustees to mortgage said property and the conceded necessity for such authority in order to give validity to such mortgage would eliminate from our consideration the first of the questions stated.

Both the notes and the mortgage are signed by the makers as trustees. This was sufficient to put complainant on inquiry of the powers possessed by them. First Nat'l Bank v. National Broadway Bank, 156 N. Y. 459, 51 N. E. Rep. 398; Tuttle v. First Nat'l Bank, 187 Mass. 533, 73 N. E. Rep. 560; Loring et al. v. Brodie et al., 134 Mass. 453; Gaston et al. v. American Exchange Nat'l Bank, 29 N. J. Eq. Rep. 98, Ferry et al. v. Laible, 31 N. J. Eq. Rep. 566. Before such obligations can be enforced against

defendants in their representative capacity it is necessary to show the authority for their execution. We hold, therefore, that since the validity of the instruments sought to be enforced depends upon whether the persons executing them had power to do so, it is necessary to allege and prove the existence of such power. ·

We pass therefore to the last question: Is the allegation of ratification of the action of the alleged trustees by the members of the congregation of the church sufficient? We have quoted the paragraph containing this allegation. It amounts to no more than a conclusion of law. No facts constituting a ratification are attempted to be set out. Upon the question of the asserted ratification defendants are given no notice of what facts or transactions they may be required to meet. This, we think, is not sufficient. When complainant asserts that validity has been imparted to an instrument invalid in its inception because of absence of authority in its makers to execute it, and upon the validity of which his right of recovery depends, he should set up the facts imparting such validity in order that defendants may know of what the cause of action consists. Purkey v. Harding et al., 23 S. D. 632, 123 N. W. Rep. 69; Lauenstein v. City of Fond du Lac, 28 Wis. 336; in re Eckley v. Daniel et al., 193 Fed. Rep. 279.

There was no error in the order appealed from and the decree will be affirmed.

BROWNE, C: J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.