D. FRANK POWELL and RICHARD R. POWELL, as Administrators c. t. a. of MARY POWELL, Deceased, Respondents, *v.* FREEPORT BANK OF FREEPORT, NEW YORK, Respondent, Impleaded with FIRST NATIONAL BANK OF FREEPORT, Appellant.

Second Department, March 17, 1922.

Executors and administrators — diversion of funds of estate by executor to pay individual debt — action maintainable against person receiving funds if he had actual or constructive notice — deposit in bank of certificate of deposit payable to executor as such — payment to bank on same day of individual note of executor — bank had constructive notice of diversion of funds — bank liable for difference between individual funds of executor on deposit in bank and amount paid on note — not error to exclude evidence by defendant that balance in executor's personal account had been paid to his estate.

Where the funds of an estate are diverted by an executor and used for the payment of his individual debt under such circumstances that the creditor has actual or constructive notice of the diversion, a suit may be maintained in equity to trace the funds or, in a proper case, an action at law for conversion.

The deposit by an executor in his personal account of a certificate of deposit issued by another bank, which shows on its face that it represents funds deposited by him as executor in the bank issuing the certificate, and the payment by him on the same day of a note due to the bank in which the certificate is deposited, by a check drawn against his individual account, is constructive notice to the bank that the executor is using the funds of the estate to pay his own debt.

But since the executor had a balance in his personal account on the date the certificate of deposit was deposited, the bank cannot be held liable for any more than the difference between the executor's personal funds then on deposit and the amount paid by him on the note, for it is an established principle of equity that when a depositor draws his check upon an account, in which trust funds are mingled with his own, and uses the money for his own purposes, it must be held that he used his own funds as far as possible, and that whatever balance remained in the account was impressed with a trust.

It was not error for the court to exclude evidence on the part of the bank as to whom it paid the balance in the executor's personal account at the time of his death, as it would not help the bank's case to show that with notice of the diversion, it voluntarily paid the balance to the executor's estate.

APPEAL by the defendant, First National Bank of Freeport, from a judgment of the Supreme Court in favor of the plaintiffs,

entered in the office of the clerk of the county of Nassau on the 11th day of December, 1920, upon the verdict of a jury; also from an order entered in said clerk's office on the same day denying said defendant's motion for a new trial made upon the minutes, and also from a judgment of the Supreme Court in favor of the defendant Freeport Bank of Freeport, New York, entered in said clerk's office on the 23d day of December, 1920, upon the dismissal of the complaint by direction of the court as to the said defendant Freeport Bank of Freeport, New York, at the close of plaintiffs' case.

The action was brought to recover a sum of money which, the plaintiffs alleged, belonged to the estate of which they were administrators c. t. a., and which was used by the executor whom they succeeded in office in paying his own personal debt to defendant the First National Bank of Freeport under circumstances that gave to the bank constructive notice that the money was a trust fund and was diverted to the payment of the executor's personal debt.

*George A. Green* [*Edward B. Thompson* with him on the brief], for the appellant.

*Charles Driggs Lewis,* for the plaintiffs, respondents.

*Martin V. W. Hall,* for the defendant, respondent.

BLACKMAR, P. J.:

On the 1st day of September, 1916, James M. Seaman, the executor of the estate of Mary Powell, deceased, had an account with defendant the Freeport Bank of Freeport, in which were deposited the funds belonging to the estate. At the same time he had his own personal account with the appellant bank. On that date the money to his credit in the appellant bank was $509.33, and the appellant bank held his note for $2,500 and interest, due on or about that date. Upon the same date he drew, as executor, his check upon the Freeport Bank of Freeport to the order of " Cash," and received from that bank a certificate of deposit in the following form:

" FREEPORT, N. Y., *Sep.* 1, 1916.    No. 3590.
" THE FREEPORT BANK

" James M. Seaman, as Exer. has deposited in this Bank Twenty five hundred Dollars                    $2500
Payable to the order of James M. Seaman........on the return of this certificate properly endorsed.

" Not over Twenty Five hundred Dollars
                    " HARVEY B. SMITH,
                              " *Asst. Cashier.*"

Mr. Seaman took this certificate of deposit to the appellant bank and deposited it to the credit of his individual account; and on the same date he drew upon the appellant bank his personal check for the sum of $2,540.30, with which he paid his individual note held by the bank. Seaman died on the 17th of February, 1920, leaving on deposit to his individual account the sum of $1,046.27. On the 12th of August, 1920, the plaintiffs were appointed administrators c. t. a. of the estate, and they brought this action against the Freeport Bank of Freeport and the First National Bank of Freeport, the appellant.

Where trust funds are diverted by a trustee and used for the payment of an individual debt under such circumstances that the creditor has actual or constructive notice of the diversion, the *cestui que trust* may maintain a suit in equity to trace the funds (*Van Alen* v. *American National Bank*, 52 N. Y. 1), or, in a proper case, an action at law for conversion. (*Squire* v. *Ordemann*, 194 N. Y. 394.)

The certificate of deposit represented funds of the estate, and when deposited in the executor's personal account with the appellant bank the avails thereof still remained, in equity, the property of the estate. This was done on the very day that chapter 588 of the Laws of 1916 (adding to Code Civ. Proc. § 2574, subd. 7, and § 2664a) went into effect. (See, also, Surr. Ct. Act, § 104, subd. 7; Id. § 231.) This act modified the law laid down in *Bischoff* v. *Yorkville Bank* (218 N. Y. 106) as to the legality of the deposit of funds of an estate in the personal account of an executor. The presumption, however, is that he will preserve the funds and properly use them in the administration of his trust. But as they are in equity the property of the estate, they may, if diverted, be traced and reclaimed by the *cestui que trust* until they come into the hands of a *bona fide* purchaser for value. The same result, however, would follow the application of the doctrine of the *Bischoff* case.

On the death of the executor there was a shortage of $3,000 in the funds of the estate, and the administrators c. t. a. were justified in following those funds into the possession of the appellant bank unless that bank became the holder of them in good faith. This depends upon whether the bank had knowledge of circumstances which gave it constructive notice that the funds were trust funds.

The only evidence tending to show that the bank was put upon notice was the form of the certificate of deposit, which stated on its face that it represented funds of James M. Seaman " as Exer."

Under the circumstances disclosed in the evidence, viz., that

the certificate was deposited and the avails drawn out on the same day to pay the note, I think the bank had notice that the executor was using trust funds to pay his own debt. It is true that in *Manhattan Sav. Inst.* v. *N. Y. Nat. Exch. Bank* (170 N. Y. 58, 67) the court said: " Coupling the word ' trustee ' with his name as a depositor was not an unusual, or peculiar, circumstance; nor, necessarily, imported that he was acting as trustee for others. It simply distinguished, or described, the account, which he opened, in a particular way, satisfactory to himself, and did not call for any investigation on the part of the bank into his authority as trustee." But the word " executor " has a limited and certain significance and is like the word " guardian," which in *Cohnfeld* v. *Tanenbaum* (176 N. Y. 126) was held to convey notice that the funds were trust funds. I think, therefore, that the bank must be held to have had constructive notice that the certificate of deposit represented trust funds, and that the avails thereof, in part at least, were used to pay the executor's personal debt.

At that time the executor had $509.33 to the credit of his personal account. When the certificate of deposit was also added to the account, the account was then a mixed fund of $3,009.33, of which $2,500 was a trust fund and $509.33 was the individual fund of the executor. When the executor drew his check for $2,540.30 which he paid to the bank in taking up his note, I think it must be held that he used his own funds for that purpose in so far as the account permitted. It is an established principle of equity that when a depositor draws his check upon an account in which trust funds are mingled with his own, and uses the money for his own purposes, it must be held that he used his own funds as far as possible and that whatever balance remained in the account was impressed with a trust. (*Matter of Hallett's Estate,* L. R. 13 Ch. Div. 696.) The amount of the trust fund which the executor used in paying the note was, therefore, the difference between $2,540.30 and $509.33, or $2,030.97.

The appellant requested the court to charge that if the jury " should find against the First National Bank of Freeport, they may find for $2,500 less the sum of $509.33, which we have agreed between us was the amount on deposit personally by Mr. Seaman on September 1, 1916." The court declined so to charge and the appellant excepted. In view of the evidence, I think the exception was well taken. Applying the rule stated in *Matter of Hallett's Estate* (*supra*), that the check of the executor on the mixed account should be charged first to his own funds, and the remainder only to the trust fund, the amount of the trust fund which the bank received in payment of its note was the sum of $2,030.97. The

judgment, therefore, was erroneous to the extent of $509.33, with interest thereon from September 1, 1916.

On the death of the executor there remained the sum of $1,046.27 to the credit of his personal account. The cashier of the appellant bank, being on the witness stand, was asked by appellant's counsel to whom this balance was paid; the answer was excluded on an objection to its materiality by plaintiffs' counsel, to which defendant's counsel excepted. In view of the fact that the answer of the appellant alleged that the account was closed by the payment of this balance to the executor of the estate of James M. Seaman, I think that it must be held that the question was directed to develop proof of that fact. As it would not help appellant's case to show that with notice of the diversion it voluntarily paid the balance to the executor's estate, the exclusion of this evidence was not error. For the same reason the refusal of the court to charge that this amount could be deducted from the verdict against the appellant was not error. The complaint was properly dismissed as against the Freeport Bank.

I recommend that the judgment and order be reversed upon the law, and a new trial granted of the issues between the plaintiffs and the First National Bank of Freeport, with costs to the appellant against the plaintiffs, unless within twenty days the plaintiffs stipulate to reduce the verdict to the sum of $2,030.97, with interest thereon from September 1, 1916, to the date of the entry of the judgment, and to modify the judgment accordingly. If such stipulation be given, the judgment as modified, and the order, are affirmed, without costs.

KELLY, JAYCOX, MANNING and KELBY, JJ., concur.

Judgment and order reversed upon the law, and a new trial granted of the issues between the plaintiffs and the First National Bank of Freeport, with costs to the appellant against the plaintiffs, unless within twenty days plaintiffs stipulate to reduce the verdict to the sum of $2,030.97, with interest thereon from September 1, 1916, to the date of the entry of the judgment, and to modify the judgment accordingly. If such stipulation be given, the judgment as modified, and the order, are unanimously affirmed, without costs.