167 So.2d 740 (1964)
Louis BAUM and Mary Baum, his wife, Appellants,
v.
Morton CORN, Dr. Sam H. Rosenthal, Rudolph Schiffman, Dr. Louis J. Novak, Murray Werthelm, Rhea Harris, Joseph Schechter and Irving Hoffman, individually and as Trustee for LaBelle Realty, Inc., Appellees.
No. 4613.
District Court of Appeal of Florida. Second District.
October 2, 1964.
*741 Thomas A. Thomas and Judson A. Samuels, Hollywood, for appellants.
Abrams, Anton & Robbins, Hollywood, for appellee, Morton Corn.
*742 Milton A. Friedman, Miami, for appellee, Irving Hoffman.
Koenig & Katz, Fort Lauderdale, for appellees, Dr. Samuel J. Rosenthal, Dr. Louis J. Novak, Rhea Harris, Rudolph Schiffman and Murray Wertheim.
WEHLE, VICTOR O., Associate Judge.
This is an appeal from a summary decree entered on cross claim against two of the defendants and in favor of the other defendants below.
The basic question involved is the validity of a certain mortgage given to the appellants by one of the defendants and affecting property in which all of the other parties had an interest.
Early in 1957, Irving Hoffman, an attorney and real estate investor, conceived the idea of buying a substantial piece of acreage in Lee County, Florida. A number of Hoffman's friends and clients agreed to participate in the purchase in various proportions and Hoffman was to form a corporation to handle the deal. Early in August, 1957, Hoffman made an initial cash deposit for the purchase of the land and two of the other investors paid in their participating shares. A few weeks later, Hoffman made an additional down payment and the other investors paid in their shares. All of the monies so invested were placed in Hoffman's trust account. The corporation to be formed was to be known as "LaBelle Realty Corporation." The deal for the purchase of the property was closed on October 1, 1957, and the property was conveyed to "Irving Hoffman as Trustee for LaBelle Realty Corporation, a Florida corporation." The corporation had not as yet been chartered, but was chartered on October 10, 1957, the same day the deeds to the acreage were recorded. Hoffman became the President of the corporation and from time to time collected from the stockholders their proportionate share of the taxes and purchasemoney mortgage payments due on the property. The property was never actually conveyed to the corporation, although everyone regarded it as and it actually was the sole asset of the corporation. The conveyance or conveyances of the property to Hoffman were silent as to any terms of the trust; neither was there any trust instrument ever entered into attempting in any way to fix the terms of the trust or the duties, obligations or rights of the Trustee or the beneficiary. In June, 1959, Hoffman apparently without the knowledge or authority of anyone involved in the corporation, with the possible exception of Morton Corn, a stockholder, mortgaged the property to the appellants herein, Louis Baum and wife, for $15,000.00. Hoffman is alleged to have diverted the proceeds of the loan to the individual benefit of Morton Corn. At least the corporation did not receive the proceeds. The Baums had relied entirely upon Hoffman's advice in making the loan and had not employed anyone to check the title or to confirm the authority of Hoffman to execute the mortgage involved.
In December, 1960, Morton Corn filed a complaint in Broward County seeking to remove Hoffman as Trustee for the corporation and to obtain from him an accounting of the Baum mortgage proceeds. The other stockholders were made individual defendants and by their answers, agreed with the plaintiff that Hoffman had violated his trust duties and should be required to account. Hoffman filed his answer claiming that he had executed the mortgage with full knowledge on the part of the stockholders and that he had resigned as Trustee in December, 1960. The other defendants filed numerous other pleadings, including a motion to add Baum and wife as additional defendants so as to determine the validity of the mortgage, and a Court order to this effect was entered. The other defendants then sought by cross claim to have the mortgage nullified and, after numerous other pleadings, a summary judgment was entered voiding the mortgage, requiring the Baums to execute and deliver a satisfaction of it, and to dismiss with prejudice a complaint for the foreclosure of the mortgage which *743 they had commenced in Lee County, Florida, some four months after they had been joined as defendants in the principal litigation in Broward County.
The problem to be first decided is that concerning the venue of this litigation. Appellants maintain that the cross claim seeking to have the mortgage declared null and void could be maintained only in Lee County where the mortgaged land is located. The Chancellor ruled that the suit could be maintained in Broward County and with this we agree.
The general rule in matters of this sort is stated in 56 Am.Jur. 24, as follows:
"Owing to the fact that courts of equity act in personam rather than in rem, the rules relating to the venue of local actions at law do not apply with their full rigidity to suits in equity. In the absence of any statutory or constitutional provision to the contrary, a suit in equity may be maintained in any jurisdiction wherein the defendants can be found, even though the suit affects lands not within the territorial jurisdiction of the court. This is because the decree made will not of itself necessarily be binding on the lands, but will take effect only through the action which the parties to the suit are compelled to take. Statutes which require actions concerning land to be tried in the county in which the lands are situated or require actions for the recovery of possession of land or the determination of questions affecting title to land to be brought in such county generally do not apply to actions in equity where the decree sought operates in personam."
It is true that Florida Statute 46.01 F.S.A. has been interpreted by our Courts as requiring suits affecting the title to real property to be filed in the county of the real property. However, the cross claim in this litigation does not seek to determine the title to real property. In Bailey v. Crum, 120 Fla. 36, 162 So. 356, our Supreme Court in effect held that a suit for specific performance of an agreement to sell land need not be brought in the County where the land lies. Proceeding further along these lines, this Court in McMullen v. McMullen, Fla. App., 122 So.2d 626, held it error to file such a suit in the County where the land was located instead of in the County where all parties resided.
The relief sought by the cross claim and granted by the summary judgment involves the cancellation of the mortgage and requires the mortgagees to execute such a satisfaction or cancellation. This was a transitory action and under the circumstances was properly filed in Broward County. See Vaughn v. Roberts, 45 Cal. App.2d 246, 113 P.2d 884, holding that the Court of the County in which the defendants reside has jurisdiction of an action to cancel a note and deed of trust to real property located in another County.
The appellants raise the question of the failure of the corporation to be joined as a party in a suit by shareholders to void a mortgage on corporation property. We feel that this contention has little merit. All of the shareholders were parties to the suit either as plaintiff or defendants, and Hoffman was also a party both individually and as Trustee for the corporation in which capacity he had acquired and held title to the real property involved. Under these circumstances, the corporation was not an indispensable party.
The appellants next claim that the shareholders of the corporation are estopped from maintaining this action due to their having permitted Hoffman to retain the title to the realty in his name as Trustee and to their having entrusted him as President with the management of the affairs of the corporation. It is certainly not unusual for the President of a corporation to be entrusted with its management and, absent a showing that the stockholders knew or should have known of his participation in the Baum mortgage transaction in time to *744 have protected themselves, the Baums, and the corporation, and their subsequent failure to do so, no estoppel arises.
Having disposed of the preliminary questions, it now becomes necessary to consider the contention of the appellants that Hoffman had the right or authority to execute the mortgage and note to the Baums and that these instruments were valid and enforceable.
Hoffman held title to the realty "as Trustee for LaBelle Realty Corporation, a Florida corporation." The conveyances so passing title were silent as to any trust provisions. No trust agreement was ever executed. Under these circumstances, the trust was merely a "passive" trust. The naked legal title only was vested in Hoffman, while the equitable estate of the beneficiary was to all intents the beneficial ownership. See Pomeroy, Equity Jurisprudence, 4 Ed., Vol. 1, Sec. 153.
The same conclusion has been repeatedly sustained by the Supreme Court of Florida. In McGriff v. McGill, 62 So.2d 28, First headnote, it is stated:
"Deed conveying realty to named person, as trustee for another named person, without granting any powers to or imposing any duties upon named trustee or providing for him to have any control in application of profits of estate created by deed, created a `dry trust' and by operation of law conveyed both legal and equitable title to person named as beneficiary of trust."
Even if there had been a trust instrument, we find that the mortgagees were under a duty (which they did not fulfill) to make inquiry into the authority of the trustee to mortgage or otherwise encumber the property held in trust. In Haimovitz v. Hawk, 80 Fla. 272, 85 So. 668, 670, it is stated:
"Both the notes and the mortgage are signed by the makers as trustees. This was sufficient to put complainant on inquiry of the powers possessed by them."
Ordinarily, in the absence of authority conferred by the trust instrument, trustees have no power to mortgage trust property. See Jordan v. Landis, 128 Fla. 604, 175 So. 241, 247.
Any implied power to a trustee to encumber the trust property arises only when necessary to preserve the trust estate from waste or some other emergency, and must be exercised by leave of Court. Griley v. Marion Mortgage Co., 132 Fla. 299, 182 So. 297, 299. Bogert on Trusts and Trustees (2nd Ed.) Sec. 751 et seq., states:
"A Trustee has no power (aside from Statute) to mortgage the trust assets unless such power is expressly granted to him by the trust instrument, or is justifiably implied from the powers given to him and the duties imposed upon him by the settlor or when authorized by the Court."
The only question remaining in this connection, therefore, is whether or not there is any statutory authority authorizing a trustee to mortgage trust assets. The appellants contend that Florida Statute, § 691.03, subdivision (16), F.S.A., provides such statutory authority. This Statute is specifically limited to the powers of the trustee of an express trust. It does not apply to a dry or passive trust.
We, therefore, find that the trustee had no authority to execute the note and mortgage and that the Chancellor properly declared the same void and required their cancellation.
Affirmed.
SHANNON, Acting C.J., and ANDREWS, J., concur.