203 So.2d 328 (1967)
Mary E. EMILE, Individually, and John T. Bond, As Co-Trustee for Mary E. Emile, Appellants,
v.
Carroll D. BRIGHT, As Co-Trustee for Mary E. Emile, and Home Federal Savings and Loan Association of Hollywood, Inc., a Federal Savings and Loan Association, Appellees.
No. 614.
District Court of Appeal of Florida. Fourth District.
September 29, 1967.
Rehearing and Motion to Certify Question Denied October 31, 1967.
Donald J. Lunny, of Sutton, James, Bielejeski & Lunny, Fort Lauderdale, for appellants.
S.O. O'Bryan, Jr., of English, McCaughan & O'Bryan, Fort Lauderdale, and Abrams, Anton & Robbins, Hollywood, for appellee Home Federal Savings & Loan Ass'n of Hollywood, Inc.
CROSS, Judge.
This is an appeal by Mary E. Emile, individually, and John T. Bond, as Co-Trustee for Mary E. Emile, from a final summary judgment entered in favor of the defendant, Home Federal Savings and Loan Association of Hollywood, involving Home Federal's right to apply funds in an account styled "Trustee" deposited in a debtor's name on the debtor's obligation.
Five savings accounts were opened with Home Federal by Carroll D. Bright, who was known to Home Federal to be a lawyer *329 practicing in Dade County. Each of the accounts was in the amount of $10,000 and the money used to open the accounts was represented by a cashier's check in the amount of $75,000 issued by a Miami bank to Mary E. Emile and bearing her endorsement in blank. Each account was styled "Carroll D. Bright, Trustee," but no information concerning any actual trust or beneficiary thereof was given to or requested by Home Federal. The excess amount of the aforesaid sum was paid in cash to Bright.
The five accounts were later transferred upon the direction of Bright into joint accounts with John T. Bond, a law partner of Bright, and were styled "Carroll D. Bright, Co-Trustee, John T. Bond, Co-Trustee."
Thereafter a sixth account was opened in the names of Bright and Bond as trustees in the amount of $50,000. At the request of Bright, Home Federal made share account loans in the aggregate amount of $40,047.22 on the collateral of the pledge of three of the savings accounts. Bond later notified Home Federal not to permit any further withdrawals from the three unpledged accounts without the signature of both account holders and subsequently brought to Home Federal a letter signed by Bright authorizing Home Federal to disburse all net amounts on deposit to John T. Bond, Trustee, and Mary E. Emile, Beneficiary.
Bond and Emile thereafter transferred the funds in the unpledged accounts to new accounts in their name and also attempted to withdraw all of the funds in the three pledged accounts. Home Federal permitted transfer from the pledged accounts only as to the funds therein in excess of the amounts necessary to secure repayment of the loans made to Bright. Said amounts were later used to satisfy the indebtedness due Home Federal by Bright. It is to recover this sum that this action is brought.
The question for determination is whether Home Federal had the right to apply funds on deposit in an account styled "Trustee" deposited in a debtor's name on a debtor's obligation. This subject has been treated by many writers.[1]
When a bank has knowledge that the funds in the account of one of these depositors are trust funds or if it has knowledge of sufficient facts to charge it with notice, it is the uniform rule that it may not seize and retain the funds held in trust in order to offset the debt of a depositor. National Indemnity Company v. Spring Branch State Bank, Tex. 1961, 162 Tex. 521, 348 S.W.2d 528, 8 A.L.R.3d 229, 9 C.J.S. Banks and Banking § 304.
When the bank has no such knowledge or notice there is a sharp division of authority. The split is recognized and discussed in 8 A.L.R.3d 235; 9 C.J.S. Banks and Banking § 302, pp. 627, 628; 5A Michie, Banks & Banking, §§ 132, 136 & 141; and notes, 38 Harv.L.Rev. 800 and 824; 5 Minn.L.Rev. 470; and 13 Minn.L.Rev. 242.
The question arises as to what constitutes knowledge or notice of the third party's interest. Where the account describes the depositor as one presumptively acting in an official or fiduciary capacity such a description constitutes notice to the bank that the monies deposited in the account may be the property of third persons and therefore cannot be set off against the depositor's personal debts. In Keeney v. Bank of Italy, 1917, 33 Cal. App. 515, 165 P. 735, it was held that carrying an account in the name "H.P. Platt, Trustee" was sufficient to place upon the depository bank the duty of inquiry as to the rights of third persons in the funds composing the account *330 before it could appropriate them in payment of a debt due them from Platt.
In Bundy v. Monticello, 1881, 84 Ind. 119, the court held that a fund deposited to "J.C.W., Trustee" was notice of the character of the fund and that the bank had sufficient notice that the fund was held in trust.
The word "Trustee" is not merely descriptio personae but is a description of the fund deposited. It imports the existence of a trust and is therefore notice of the character of the fund deposited therein.
The bank either had knowledge that the funds in the account of its depositor, Bright, were trust funds or it certainly had knowledge of sufficient facts to charge it with notice that the funds belonged to a third party and it could not seize and retain such funds in order to offset the debt of its depositor.
Accordingly, final summary judgment entered in favor of the defendant is reversed, and the cause is remanded with directions to enter a final summary judgment in favor of the plaintiffs.
Reversed and remanded with directions.
LEAVENGOOD, C. RICHARD, Associate Judge, concurs.
ANDREWS, J., dissents with opinion.
ANDREWS, Judge (dissenting).
I respectfully dissent from the majority opinion in this cause.
The signature cards which Bright and Bond signed at the time the accounts were opened acknowledged the receipt of a copy of the charter and bylaws of the association and authorized the withdrawal of funds from the account by either Bright or Bond without further inquiry.
The execution of the signature card and the acceptance of the funds by Home Federal constituted the contract between the parties thereby fixing the obligations of each to the other.
The use of the words "as trustee" following a signature on a savings account without identification of a beneficiary or other representation of the nature of a trust, if one existed, is not sufficient to require the Home Federal to restrict the pledging or withdrawal of funds from such account. Such designation of the account is not unusual and does not necessarily impart that the depositor was acting for others, but merely distinguishes the account and did not require any investigation on the part of the association into the authority of such trustee. Powell v. Freeport Bank, 1922, 200 App.Div. 432, 193 N.Y.S. 100.
Accordingly, I would affirm.
NOTES
[1] An excellent recent annotation appears in 8 A.L.R.3d 235, entitled "Bank's Right to Apply Third Person's Funds Deposited in Debtor's Name on Debtor's Obligation". The subject is also treated in 10 Am.Jur.2d, Banks, §§ 675 to 677; 9 C.J.S. Banks and Banking § 302.