216 So.2d 443 (1968)
HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF HOLLYWOOD, a Federal Savings and Loan Association, Petitioner,
v.
Mary E. EMILE, Individually, and John T. Bond, As Co-Trustee for Mary E. Emile, Respondents.
No. 36950.
Supreme Court of Florida.
December 3, 1968.
*444 Paul B. Anton, of Abrams, Anton, Robbins & Resnick, Hollywood, Sam O'Bryan, of English, McCaughan & O'Bryan, Fort Lauderdale, Charles S. Ausley and E. Martin McGehee of Ausley, Ausley, McMullen, Michaels, McGehee & Carothers, Tallahassee, for petitioner.
Donald J. Lunny of Sutton, James, Bielejeski & Lunny, Fort Lauderdale, for respondents.
ROBERTS, Justice.
This cause is before the court on petition for certiorari to review the decision of the District Court of Appeal, Fourth District, in Emile et al. v. Bright et al., Fla. App. 1967, 203 So.2d 328. Because of an apparent conflict with decisions respecting the right of a party litigant to have an adjudication of his defense of estoppel prior to the entry of summary judgment, see Macina v. Magurno, Fla. 1958, 100 So.2d 369, and Harrison v. McCourtney, Fla.App. 1963, 148 So.2d 53, we issued the writ. We have concluded, however, that the writ was improvidently issued for the reasons hereafter stated and should be discharged.
The facts of the case are stated in the decision here reviewed and need not be restated. The point of law decided by the appellate court therein has to do with the use of the words "Trustee" or "as Trustee" in describing the depositor of funds in a bank account. The appellate court held that the word "Trustee" is not merely descriptio personae but is a description of the fund deposited, and that such a description
"* * * constitutes notice to the bank that the monies deposited in the account may be the property of third persons and therefore cannot be set off against the depositor's personal debts." 203 So.2d at page 329.
Decisions of courts of other states and statements of text authorities are cited in support of this proposition, but we think that we need go no further than the decision *445 of this court and the statutes of this state in so holding.
Thus, it is well settled that, in the absence of authority conferred by a trust instrument or by statute, trustees have no power to mortgage trust property. Jordan v. Landis, 1937, 128 Fla. 604, 175 So. 241; Haimovitz v. Hawk, 1920, 80 Fla. 272, 85 So. 668; Voorhies v. Blood, 1937, 127 Fla. 337, 173 So. 705; Baum v. Corn, Fla.App. 1964, 167 So.2d 740. See also Bogert on Trusts and Trustees (2d Ed.) Sec. 751 et seq.
It was affirmatively shown that the depositor-Trustee in this case had no authority to pledge the trust funds as security for his personal debt; and there is no statute of this state conferring such authority upon the trustees of a dry or passive trust of personal property like that with which we are here concerned. Section 689.07, Fla. Stat., F.S.A., applies only to deeds, mortgages and the like, of real property and to tangible personal property sold or mortgaged in connection with a sale or mortgage of real property. At a time when the statute applied only to deeds of conveyance, this court declined to extend its terms to mortgages. See Voorhies v. Blood, supra, 173 So. 705, in which this court said:
"We find nothing in the record before us to warrant its extension to assignments of mortgages, nor do we find that it was designed to modify or in any way affect the rule with reference to the construction of trust instruments." 173 So. at p. 708.
A fortiori, there is nothing to indicate an intention to extend the statute to bank deposits and the like.
In Haimovitz v. Hawk, supra, 85 So. 668, a case concerned with the validity of a note and mortgage executed by persons "as Trustees", we held that the use of the words "as Trustees" was sufficient to put the plaintiff on inquiry as to the powers possessed by the Trustees and that
"* * * since the validity of the instruments sought to be enforced depends upon whether the persons executing them had power to do so, it is necessary to allege and prove the existence of such power." 85 So. at page 670.
In summary, we find nothing in the statutes or decisions of this state absolving the bank from its duty of inquiry as to the authority of the person designated as Trustee of funds deposited in the bank  whether in a checking or savings account or the like  to pledge such funds as collateral for a loan. This is so whether the depositor-Trustee purported to obtain the loan in his capacity as Trustee or as an individual. In either case, under the rule of Haimovitz v. Hawk, supra, the right to pledge the trust funds must affirmatively appear before the bank can rely upon them as collateral. See also Baum v. Corn, supra, 167 So.2d 740.
In these circumstances, the fact that the defense of estoppel was pleaded by the bank against the respondent-Trustor (the person whose funds were entrusted to and misappropriated by the so-called Trustee) must be held insufficient as a matter of law, since the bank cannot be heard to say that it was injured by the silence of the respondent-Trustor when, as a matter of fact and of law, its injury resulted from its own failure to perform its duty of inquiry as to the authority of the Trustee to pledge the trust funds.
In Macina v. Magurno, supra, 100 So.2d 369, relied upon by petitioner in support of the contention of "direct conflict", this court said: 
"We cannot say as a matter of law that the defenses of estoppel, waiver or laches as pleaded by the defendants, considering the record before the Chancellor, were so incredible as to be unworthy of acceptance by reasonable minds, on the *446 one hand, or on the other, would be without legal probative force, if true, so as to justify the Chancellor in entering a summary decree against the defendants." (Emphasis added.)
Since the defense of estoppel was "without legal probative force", the bank was not entitled to an opportunity to prove it; and the appellate court did not err in failing or refusing to reverse on this ground.
We have not overlooked the amicus curiae briefs filed by the State Comptroller, ex officio State Banking Commissioner, and by The Florida Savings and Loan League, in which it is contended that a great many trust accounts are handled by the banking institutions of this state every year, and that to impose upon them a duty to look behind the words "trustee" or "trust account" in each transaction withdrawing or pledging the funds of such accounts will unduly burden and hamper the operations of the banks.
In response to this argument, it suffices to say that the respondent does not contend, nor did the appellate court hold in the decision here reviewed, that the mere withdrawal of funds from a trust account ordinarily requires the bank, in its capacity as paying or collecting agent, to question the authority of the depositor-Trustee to do so. The custom and usage in the banking trade in this respect is so well established, and the burden that any other rule would cast upon the banking institutions is so great, that it might be said that this practice prima facie constitutes the exercise of ordinary care. Cf. Sec. 674.4-103, Fla. Stat., F.S.A.
The situation with which we are here concerned, however, is not a routine payment or collection of an item by a bank, acting as agent of the depositor; here, the bank assumed the role of creditor and the depositor-Trustee became the debtor. In these circumstances, the bank, like any other creditor, must conform to the rules of law applicable in such a transaction.
Accordingly, the writ heretofore improvidently issued should be and it is hereby
Discharged.
DREW, ERVIN and HOPPING, JJ., concur.
CALDWELL, C.J., and THORNAL, J., dissent.