PER CURIAM.
Plaintiffs below have taken an interlocutory appeal from an order which dismissed their complaint because of improper venue.
Plaintiffs maintain their complaint sought a declaratory decree that a promissory note and mortgages given by them to the defendant were usurious and void and they prayed for cancellation of the note and mortgages and injunctive relief against a foreclosure. They contend that the property in litigation is located in Dade County, Florida, because one of the mortgages given as security for the note is on real property located in Dade County, *144 Florida. See § 47.011, Fla.Stat., F.S.A. A deed of trust on real property in California was also allegedly given as security for the challenged note. The promissory note was attached as an exhibit to the complaint but the mortgages were not so attached and are not in the record on appeal. The record on appeal indicates that the note was executed and made payable in Winter Park, Florida and that all prior payments and performances have been in Winter Park, Orange County, Florida, where the defendant resides.
The defendant argues that the complaint sounded in equity as a suit to cancel a note and mortgages because they were alleged to be usurious. Defendant contends that this action did not involve title to, or the removal of a cloud or lien upon, real property in Dade County, Florida, but that it was simply an action in personam to cancel a promissory note alleged to be usurious, together with the mortgages which secured the note.
A careful examination of the complaint shows that it does not allege or seek removal of a cloud or a lien on real property located in Dade County, Florida and that it did not seek to determine title to such property.
This action sounds in equity as an action for the cancellation of an alleged usurious note. We affirm the ruling that venue in Dade County, Florida, was improper. See Baum v. Corn, Fla.App.1964, 167 So.2d 740; 56 Am.Jur. Venue § 21; and 13 Am.Jur.2d Cancellation of Instruments § 53.
The order dismissing the cause for improper venue is
Affirmed.