364 So.2d 505 (1978)
PAN AMERICAN BANK OF MIAMI, Appellant,
v.
Pablo Simon Goldszmidt, Appellee.
No. 78-72.
District Court of Appeal of Florida, Third District.
November 7, 1978.
Rehearing Denied December 8, 1978.
*506 William B. Roman, Smathers & Thompson and Shepherd D. Johnston, Miami, for appellant.
Smith, Mandler, Smith, Werner, Jacobowitz & Fried, Miami Beach, and Julian R. Benjamin, Miami, for appellee.
Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal is by the defendant below from an adverse summary judgment for money damages, and a cost judgment.
Appellee filed an action against the Pan American Bank claiming the bank converted his funds by paying two checks, alleging the checks bore a "forged, unauthorized and wholly insufficient endorsement." The defendant bank answered denying the allegations, and averring the endorsements were valid under provisions of the Uniform Commercial Code. Both parties moved for summary judgment. That of defendant was denied. Plaintiff's motion was granted, and summary judgment was entered against the defendant bank for $16,019.25, representing the amounts of the checks with interest, and a cost judgment was entered against the defendant.
One of the checks involved was a cashier's check purchased from Pan American Bank by the plaintiff, in the amount of $9,300.00. It was made payable to "The Shores Corporation of Miami Escrow Acct. for Unit 401 D Bldg. `C' B/O Pablo Goldszmidt." The other check was one drawn by the plaintiff on his account in Pan American Bank, in the amount of $4,650.00 made payable as follows: "The Shores Corporation of Miami Escrow Acct. for Unit 501 D Bldg. `C' B/O Pablo Goldszmidt." The cashier's check was endorsed as follows: "For deposit only, The Shores Corp. of Miami XXX-XXX-X." The endorsement on the other check read: "The Shores Corp. of Miami, For Deposit a/c XXX-XXX-X." The deposits were made in a special account so numbered, maintained by The Shores Corporation in Inter National Bank (now the Royal Trust Bank of Miami) which guaranteed prior endorsements. In due course the checks were paid by the drawee, Pan American Bank.
In the evidence before the court on the motions for summary judgment it was disclosed that as between the plaintiff and The Shores Corporation the checks represented payments to be held for use incident to purchases of property. Such intention of those parties was not made known to or within the knowledge of the drawee bank, Pan American Bank.
The determinative question is whether the endorsements by the named person to whom the checks were made payable was valid and effective, as contended for by the appellant bank so as to make its payment of the checks proper, or was invalid and ineffective, by reason of the words which were added to the designation of the named payee, so as to render the drawee bank liable by reason of its payment of the checks. We hold the endorsements were valid and effective.
Section 673.117, Florida Statutes (1977), which is a provision of the Uniform Commercial Code, is as follows:
"An instrument made payable to a named person with the addition of words describing him:
(1) As agent or officer of a specified person is payable to his principal but the *507 agent or officer may act as if he were the holder;
(2) As any other fiduciary for a specified person or purpose is payable to the payee and may be negotiated, discharged or enforced by him;
(3) In any other manner is payable to the payee unconditionally and the additional words are without effect on subsequent parties."
The annotator's comment on subparagraph (3) of Section 673.117, 19B F.S.A. 81, includes the following:
"... In all such cases the person named may negotiate, enforce or discharge the instrument if he is otherwise identified, even though he does not meet the description. Any subsequent party dealing with the instrument may disregard the description and treat the paper as payable unconditionally to the individual, and is fully protected in the absence of independent notice of other facts sufficient to affect his position."
In West Penn Administration, Inc., v. Union National Bank of Pittsburgh, 233 Pa.Super. 311, 335 A.2d 725 (1975), one of the questions dealt with was similar to that involved here, as shown by the following quotation from the opinion in that case, viz:
"The dispute concerns the words `Carpenters Contribution Account' which are written after the words `Pittsburgh National Bank' on the space provided for naming the payee of the instrument. UNB contends that the account name is mere description under § 3-117 and, therefore, of no significance in identifying the payee. In response, West Penn contends that the account name specified a fund under § 3-110(1)(e). The lower court agreed with UNB, and stated:
`Under UCC § 3-117(c), supra, once the "named person" to whom a check is made payable has been identified, words describing the payee's relationship to others or indicating disposition by the payee of the proceeds of a check (e.g., "Carpenters Contribution Account") are "without effect on subsequent parties," e.g., endorsees or depositary, collecting or payor banks.'" 335 A.2d 730, 731, (emphasis in original)
In West Penn, the appellate court agreed with that above quoted holding of the trial court.
A like conclusion was reached in Bates v. City of New York, 10 UCC Reporting Service 151 (N.Y. Supreme Court, N.Y. County, 1971). There, a check made payable to "Joseph Baglio as administrator of the Est. of Bruce Baglio, Dec'd," was endorsed "Joseph Baglio" and deposited in his personal account in a certain bank. Baglio then converted the proceeds of the check to his personal use. In holding the bank involved was not liable, the court said:
* * * * * *
"UCC § 3-117 provides that an instrument made payable to a named person with the addition of words describing him `as [a] fiduciary for a specified person or purpose is payable to the payee and may be negotiated, discharged or enforced by him.' It is plain then that the check was properly indorsed. In the absence of any allegations as to specific knowledge by the drawee bank, with whom the payee had no direct dealings, of the payee's tortious and criminal activities (Estates, Powers and Trusts Law, § 11-1.6), no liability can attach to the drawee bank for honoring a properly indorsed check." 10 UCC Reporting Service 152.
Appellee's reliance on Emile v. Bright, 203 So.2d 328 (Fla. 4th DCA 1967), and the decision of the Supreme Court in which certiorari therefrom was discharged, Home Federal Savings and Loan Association v. Emile, 216 So.2d 443 (Fla. 1968), is misplaced. There six accounts were opened in Home Federal, styled "Carroll D. Bright, Co-Trustee, John T. Bond, Co-Trustee." Bright was a lawyer, and so known to Home Federal. Bond was his law partner. Bright was obligated to Home Federal in a certain amount. Home Federal applied funds of said accounts to satisfy Bright's obligation to it. Emile, and Bond as co-trustee for Emile, brought action against Bright as co-trustee and home Federal for recovery of the funds so applied by Home *508 Federal. Summary judgment was granted in favor of Home Federal. The plaintiffs appealed, and the district court of appeal reversed. In so ruling, the court said:
"When a bank has knowledge that the funds in the account of one of these depositors are trust funds or if it has knowledge of sufficient facts to charge it with notice, it is the uniform rule that it may not seize and retain the funds held in trust in order to offset the debt of a depositor.
* * * * * *
"The question arises as to what constitutes knowledge or notice of the third party's interest. Where the account describes the depositor as one presumptively acting in an official or fiduciary capacity such a description constitutes notice to the bank that the monies deposited in the account may be the property of third persons and therefore cannot be set off against the depositor's personal debts." 203 So.2d 329.
Emile is clearly distinguishable from the instant case. In Emile the depository institution which had or was charged with notice the accounts were trust accounts used money therefrom to offset an obligation owed to it by the trustee individually.
We hold, as contended for by the defendant bank in the trial court and here, that by virtue of Section 673.117, Florida Statutes (1977), upon indorsement by The Shores Corporation of Miami, the named payee, and deposit of said checks in its checking account in Royal Trust Bank, the action of the drawee Pan American Bank in paying the checks in due course was proper, and did not constitute a conversion of the plaintiff's funds represented by said checks.
In holding to the contrary the trial court was in error. The motion of the plaintiff for summary judgment should have been denied, and the defendant's motion for summary judgment should have been granted.
Accordingly, the summary judgment appealed from is reversed, and the cause is remanded with directions to enter summary judgment in favor of the defendant Pan American Bank.
It is so ordered.