DELL, Judge.
Petitioner filed a claim of lien pursuant to section 713.585, Florida Statutes (1983) for repairs performed on respondent’s automobile. Respondent posted a bond in accordance with section.., 559.917, Florida Statutes (1983) and obtained the release of his automobile. Fifty-seven days after respondent posted its bond, petitioner filed suit for breach of contract, account stated and open account. The complaint does not contain an express count to enforce petitioner’s lien against the bond, but it does contain an allegation that petitioner seeks attorney’s fees and costs pursuant to section 559.917. Approximately nine months later, respondent moved for release of the bond pursuant to section 559.917, which provides that a suit by the lienor to recover under the bond must be filed within sixty days.
When confronted with respondent’s motion to release the bond, petitioner filed a motion for leave to amend the complaint to *832 expressly assert and enforce its lien against the bond. Petitioner also filed an affidavit from the registry clerk which stated that when the petitioner’s counsel filed the complaint, he requested that it be recorded as a suit against the bond and the bond file was so noted. The trial court denied petitioner’s motion to amend and granted respondent’s motion to release the bond. Petitioner seeks review of this order by petition for writ of certiorari.
Petitioner’s original complaint did not contain sufficient allegations to state a cause of action to enforce his claim against the bond. When petitioner sought leave to amend to plead a claim against the bond, the time for such an action had expired under section 559.917(l)(b), Florida Statutes. Therefore petitioner has failed to demonstrate the trial court’s order granting release of respondent’s bond and denying its motion for leave to amend its complaint constituted a departure from the essential requirements of law.
CERTIORARI DENIED.
DOWNEY and HURLEY, JJ., concur.