PER CURIAM.
This is an appeal from a final judgment denying the claim of appellant, 1616 Sunrise Motors, Inc., for a repair and storage lien against an automobile owned by the appellee, A-Leet Leasing of Florida. We affirm.
A-Leet purchased an automobile from Sunrise Motors in January of 1985 and in turn leased the automobile to an individual lessee, John Sturtsman. In April of 1985 the automobile was in an accident and towed to appellant’s premises. Sunrise repaired the automobile and when Sturtsman failed to respond to requests to pick the ear up and pay for the repairs, sent A-Leet a notice that the vehicle was to be sold’to pay for the repair bill. A-Leet filed a bond pursuant to the provisions of section 559.-917, Florida Statutes (1987), also known as the Florida Motor Vehicle Repair Act, and secured release of the vehicle. Subsequently, Sunrise filed a claim against the bond for the repairs and storage charges on the vehicle. At trial the court found that Sunrise had received no written or oral authorization for repairs to the vehicle from the lessee Sturtsman, as required by the Florida Motor Vehicle Repair Act, and denied recovery on the authority of Osteen v. Morris, 481 So.2d 1287 (Fla. 5th DCA 1986).[1]
On appeal, Sunrise claims that although the lessee-customer may not be held liable for the repairs, the lien can nevertheless be enforced against A-Leet because A-Leet does not meet the statutory definition of a customer. We disagree. Under the statute a customer is defined as someone who uses an automobile for personal use, or in connection with a business owning or operating fewer than five vehicles. The trial court held that Sturtsman was the customer contemplated by the statute, and that the repairs in question were covered by the statute’s express requirement of repair authorization. We agree with the trial court that, under the circumstances of this case, the requirements of the Act cannot be avoided by permitting recovery by the errant repair shop against an owner-lessor who may not be a “customer” within the definition portion of the Act. The repair transaction involved herein is one that is covered by the Act. A holding to the contrary would undermine the purposes of the Act. See Osteen, supra. We find no merit to the other issues raised on appeal.
ANSTEAD, GUNTHER and WARNER, JJ., concur.

. Osteen held that written authorization pursuant to the statute must be received before a repair company can claim a lien or otherwise recover for the repairs.