DAMOORGIAN, J.
American Atlantic Transmission (“AAT”) appeals the trial court’s non-final order holding it in contempt of court for failure to release a motor vehicle to Nice Car, Inc. (“Nice Car”). AAT raises a number of issues on appeal. We find merit to AAT’s argument that Nice Car, as a lien holder, was not entitled to invoke the right of possession upon posting a bond under section 559.917, Florida Statutes (2012), and reverse. We find no merit to the remaining issues raised on appeal.
The following facts are gleaned from the record. AAT is a motor vehicle repair shop which performed repairs on the subject motor vehicle. At the time of the repairs, Nice Car held a lien on the vehicle. When the owner of the vehicle failed to pay for the repairs, AAT issued a Notice of Claim of Lien and Proposed Sale of Motor Vehicle, pursuant to section 713.585, Florida Statutes (2012). AAT served the Notice on the owner of the vehicle and Nice Car, as lien holder. Under the head- *641 mg “STATEMENT OF OWNERS RIGHTS,” the notice provided in part:
NOTICE THAT THE OWNER OF THE MOTOR VEHICLE OR ANY PERSON CLAIMING INTEREST IN OR LIEN THEREON HAS A RIGHT TO A HEARING AT ANY TIME PRIOR TO THE SCHEDULED DATE OF SALE BY FILING A DEMAND FOR A HEARING WITH THE CLERK OF THE CIRCUIT COURT IN THE COUNTY IN WHICH THE MOTOR VEHICLE IS HELD BY THE LIEN-OR AND BY MAILING COPIES OF THE DEMAND FOR HEARING TO ALL OTHER OWNERS AND LIEN-ORS AS REFLECTED IN THE NOTICE.
NOTICE THAT THE OWNER OF THE MOTOR VEHICLE HAS A RIGHT TO RECOVER POSSESSION OF THE MOTOR VEHICLE WITHOUT INSTITUTING JUDICIAL PROCEEDINGS BY POSTING A BOND IN ACCORDANCE WITH THE PROVISIONS OF FLORIDA STATUTE 559.917.
After receiving the notice, Nice Car posted a cash bond to cover the repair work done on the vehicle and accrued storage charges in accordance with the Motor Vehicle Repair Act. § 559.917(l)(a), Fla. Stat. Nice Car was issued a Clerk’s Certificate directing AAT to release the vehicle to Nice Car. Despite having been served with the Clerk’s Certifícate, AAT refused to comply with the directive and went forward with the sale. Nice Car filed a motion in the circuit court seeking to have AAT held in contempt for failing to release the vehicle pursuant to the directive in the Clerk’s Certifícate. Although there is no record of what transpired at the hearing, it is undisputed that AAT refused to release the vehicle because Nice Car was not the customer. Ultimately, the trial court found AAT in contempt and ordered AAT to release the vehicle. This appeal follows.
The case before us requires us to engage in statutory interpretation. Accordingly, our standard of review is de novo. Brown v. City of Vero Beach, 64 So.3d 172, 174 (Fla. 4th DCA 2011). It is axiomatic that courts will give plain meaning to the words and construe them so as to carry out express legislative intent. Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005); Brown, 64 So.3d at 174. “Florida courts are ‘without power to construe an unambiguous statute in a way which would extend, modify or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.’ ” Id. (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)) (emphasis omitted). Further, courts will avoid interpreting statutes in a manner that will lead to absurd results. Holly, 450 So.2d at 219. We apply these common sense rules to the two statutory provisions implicated in this case. The first is section 713.585, found in Part II of Florida’s miscellaneous lien law. The second is section 559.917, found Part IX of Florida’s Regulations of Trade, Commerce and Investments.
Section 713.585, “Enforcement of lien by sale of motor vehicle,” provides in pertinent part:
A person claiming a lien under s. 713.58 for performing labor or services on a motor vehicle may enforce such lien by sale of the vehicle in accordance with the following procedures:
(1) The lienor must give notice ... to the registered owner of the vehicle, to the customer as indicated on the order for repair, and to all other persons claiming an interest in or lien thereon.... Such notice must contain:
[[Image here]]
*642 (g) Notice that the owner of the vehicle or any person claiming an interest in or lien thereon has a right to a hearing at any time prior to the scheduled date of sale by filing a demand for hearing with the clerk of the circuit court in the county in which the vehicle is held....
(h) Notice that the owner of the vehicle has a right to recover possession of the vehicle without instituting judicial proceedings by posting bond in accordance with the provisions of s. 559.917.
§ 713.585(l)(g) & (h), Fla. Stat. (2012) (emphasis added).
Further, section 713.585(5) provides that:
(5) At any time prior to the proposed or scheduled date of sale of a vehicle, the owner of the vehicle, or any person claiming an interest in the vehicle or a lien thereon, may file a demand for hearing with the clerk of the circuit court in the county in which the vehicle is held to determine whether the vehicle has been wrongfully taken or withheld from her or him.
Id. (emphasis added).
It is patently obvious from a plain reading of subsections (l)(g), (l)(h) and (5) of section 713.585, that the legislature never intended to give “any person claiming an interest in or lien” on the vehicle the right to post a bond in order to obtain possession. Had it intended to do so, we presume that the legislature would have identified such party in subsection (l)(h), along with the owner of the vehicle. Bound by rules of statutory construction, we will not write into the statute that which is expressly omitted, see Lowe v. Broward County, 766 So.2d 1199, 1208 (Fla. 4th DCA 2000), particularly where, as here, not doing so will not lead to any absurd result or underminé the purpose of the statute. Holly, 450 So.2d at 219.
We find further support for our holding in section 559.917, “Bond to release posses-sory lien claimed by motor vehicle repair shop,” which provides in part:
(l)(a) Any customer may obtain the release of her or his motor vehicle from any lien claimed under part II of chapter 713 by a motor vehicle repair shop for repair work performed under a written repair estimate by filing with the clerk of the court in the circuit in which the disputed transaction occurred a cash or surety bond....
§ 559.917(l)(a), Fla. Stat. (2012). Further, section 559.903 defines “customer” as:
[T]he person who signs the written repair estimate or any other person whom the person who signs the written repair estimate designates on the written repair estimate as a person who may authorize repair work.
§ 559.903(1), Fla. Stat. (2012). Again we are compelled to reach but one conclusion. Had the legislature intended to define “customer” to include “any person claiming an interest in or lien,” it would have done so.
In its amicus brief, the Florida Independent Automobile Dealers Association (“Dealers Association”) argues that our interpretation would undermine the purposes of Chapters 559 and 713 by allowing “motor vehicle repair shops to benefit from mechanic’s liens without having to comply with the consumer protection requirements of the Repair Act.” We find no merit to this argument because section 713.585(1) specifically requires that a repair shop give notice to lien holders, such as Nice Car, that the vehicle is being sold to satisfy the repair shop’s lien for services rendered to the vehicle. Moreover, section 713.585 requires that Nice Car be informed of its right to a hearing in order to determine whether the vehicle has been *643 wrongfully taken or withheld, the validity of the repair lien, and the priority of the repair lien against existing security interests. §§ 713.585(l)(g), (5), & (7)(a)-(b), Fla. Stat. (2012). Finally, we see nothing in the statute that would diminish or affect the viability of Nice Car’s lien. To the contrary, the trial court has full authority to address the very concerns that Nice Car and the Dealers Association raise on appeal. “Generally, courts of equity have wide discretion in fashioning remedies to satisfy the exigencies of the circumstances.” Schroeder v. Gebhart, 825 So.2d 442, 446 (Fla. 5th DCA 2002) (citing Singer v. Tobin, 201 So.2d 799, 800-01 (Fla. 3d DCA 1967)).[1]
Nice Car and the Dealers Association also argue that our holding in 1616 Sunrise Motors, Inc. v. A-Leet Leasing of Florida, 547 So.2d 267 (Fla. 4th DCA 1989), supports the very interpretation they would have us give to the definition of the term “customer” in interpreting section 559.917. We find Sunrise Motors to be of no precedential value. In that case, A-Leet was the owner of the vehicle. In contrast, Nice Car is neither the owner, nor the customer as that term defined in section 559.917.
For all of the foregoing reasons, we conclude that the trial court erred in its conclusion that Nice Car was authorized to post a bond pursuant to section 559.917(l)(a), and was, therefore, entitled to possession of the vehicle as a lien holder. Accordingly, we reverse and remand this matter for the trial court to determine whether the motion filed by Nice Car, which precipitated the order on appeal, constitutes a request for hearing as contemplated by subsection 713.585(5), and for further proceedings in accordance with that section.

Reversed and Remanded.

GROSS, and STONE, BARRY J„ Senior Judge, concur.

. The Dealers Association points out that section 679.609 of the Uniform Commercial Code allows a secured party to retake possession of its collateral after default without resorting to judicial process, if it can be done without a breach of the peace. Certainly, the trial court at the hearing contemplated by subsection (5) can afford the lien holder the option of posting a bond in order to obtain possession of the vehicle. § 713.585(l)(g), Fla. Stat. (2012).