DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOYANO'S AUTO REPAIR SERVICES,**
Appellant,

v.

**SOUTHERN AUTO FINANCE COMPANY, LLC** and **DIEUVERT JOSEPH,**
Appellees.

No. 4D21-666

[November 10, 2021]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Melanie Dale Surber, Judge; L.T. Case No. 502020SC004063.

Samuel A. Walker (withdrew after initial brief) and Tee Persad of CPLS, P.A., Orlando, for appellant.

Matthew F. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellee Southern Auto Finance Company, LLC.

GROSS, J.

We affirm the county court's decision to vacate that portion of a final judgment involving a bond posted by a lienholder on an automobile pursuant to section 559.917, Florida Statutes (2020). Although an indispensable party in any proceeding directed at the bond it posted, the lienholder was not made a party to the lawsuit that led to the final judgment, so the judgment was void insofar as it involved a non-party to the lawsuit.

Dieuvert Joseph owned a 2014 Infiniti QX60. He contracted with Toyano's Auto Repair Services ("repair shop") to replace the car's transmission. After the completion of repairs, Joseph failed to pay for the work and pick up the car, so the repair shop continued to store the vehicle.

Pursuant to section 713.585, Florida Statutes, the repair shop filed a Notice of Claim of Lien & Proposed Sale of Motor Vehicle to Satisfy Lien. The notice was sent in December 2019 to Joseph and the Southern Auto Finance Company, LLC ("SAFCO"), the lienholder on the vehicle. To

redeem the Infiniti, the notice required payment of $6,465.78, which included the repair cost, storage charges, and the costs of the sale.

On January 21, 2020, pursuant to section 559.917, Florida Statutes, SAFCO posted a bond to obtain the release of the Infiniti. On January 27, 2020, the Palm Beach County Clerk of Court notified the repair shop that SAFCO had posted a cash bond of $6,465.78, that the failure to release the car would result in a misdemeanor of the second degree, and that the funds would be returned to SAFCO if the repair shop failed to file suit within 60 days after the posting of the bond. The notice also directed the repair shop to notify the deputy clerk of court by phone if it filed suit within the sixty-day period.

On March 9, 2020, the repair shop filed a one-count breach of contract complaint in the small claims court against Joseph. SAFCO was not made a party to the lawsuit. The complaint alleged that it had completed repairs but Joseph told them he was unable to pay for them. The repair shop further alleged that SAFCO posted a $6,465.78 bond pursuant to section 559.917, Florida Statutes, and that it had released the vehicle to SAFCO. The repair shop sought an order releasing the bond and awarding attorney's fees and costs.

The trial court held a final hearing at which neither Joseph nor SAFCO appeared. On October 20, 2020, the court entered a final judgment against Joseph for $7,111.68, which included $6,465.78 in damages, plus pre-judgment interest and court costs. The court also ordered the release of the section 559.917 bond posted by SAFCO to the repair shop.

SAFCO moved to vacate that portion of the final judgment involving the disbursement of the bond. SAFCO argued that the final judgment was void because the repair shop did not file a suit against SAFCO within 60 days from the posting of the bond to recover the bond pursuant to section 559.917(1)(b). The motion argued that because it was not a party to the breach of contract claim against Joseph, the county court had no jurisdiction over SAFCO to order the release of the posted bond. The motion asserted that SAFCO was deprived of its right to due process by the final judgment's release of the bond in the breach of contract action.

After a hearing, the county court granted the motion to vacate the final judgment's disposition of the bond. The court reasoned that because the repair shop filed only a breach of contract lawsuit against Joseph and not a lawsuit against SAFCO pursuant to section 559.917 within 60 days to recover the bond, the final judgment as it related to SAFCO was void and

unenforceable. The court directed the clerk to release SAFCO's bond to its counsel.[1]

The trial court properly set aside the portion of the final judgment pertaining to the bond SAFCO posted because SAFCO was an indispensable party to an action directed at that bond and no lawsuit was filed against it within the statutory time frame.

A judgment is "void for failing to join indispensable parties." *Citibank, N.A. v. Villanueva*, 174 So. 3d 612, 614 (Fla. 4th DCA 2015). "[A]n indispensable party is one 'whose interest will be substantially and directly affected by the outcome of the case' or 'whose interest in the subject matter is such that if he is not joined[,] a complete and efficient determination of the equities and rights between the other parties is not possible.'" *Green Emerald Homes, LLC v. 21st Mortg. Corp.*, 300 So. 3d 698, 705 (Fla. 2d DCA 2019) (quoting *Dep't of Rev. ex rel. Preston v. Cummings*, 871 So. 2d 1055, 1058 (Fla. 2d DCA 2004)). An indispensable party "has a due process right to defend the suit in the same way any other named party to civil litigation has a due process right to defend." *Green Emerald Homes*, 300 So. 3d at 705.

Section 713.585, Florida Statutes (2019), and 559.917, Florida Statutes (2020), establish that SAFCO was an indispensable party to an action on the bond it posted.

---

[1] In its motion for rehearing, the repair shop relied on *America Atlantic Transmission v. Nice Car, Inc.*, 112 So. 3d 639 (Fla. 4th DCA 2013), to argue that section 713.585 does not give a lienholder the right to post a bond in order to obtain possession, and that the term "customer" in section 559.917(1)(a), which was defined in section 559.903(1), Florida Statutes (2012), does not include "any person claiming an interest in or lien." The statutory language of section 713.585, referenced by the repair shop in *America Atlantic Transmission*, had been amended since July 1, 2016. Subsection (1)(j) provides that "a lienholder . . . has the right, as specified in subsection (5), to demand a hearing or to post a bond." § 713.585(1)(j), Fla. Stat. (2019). The same statutory language can be found in subsection (1)(*o*) of the current statute. § 713.585(1)(*o*), Fla. Stat. (2020). Also, section 559.917 has been amended to provide the right of "a person of record claiming a lien against a motor vehicle," to obtain the release of a vehicle "from any lien claimed under part II of chapter 713 by a motor vehicle repair shop" by posting a bond with the clerk of court. § 559.917(1)(a), Fla. Stat. (2020).

Section 713.585 sets forth the procedures that mechanics who perform "labor or services on a motor vehicle" must follow to enforce a lien by sale of motor vehicle. § 713.585, Fla. Stat. (2019). These procedures include, among other things, giving notice to, among others, "all other persons claiming an interest in or lien thereon" the vehicle at issue. § 713.585(1), Fla. Stat. (2019).

Subsection (1)(j) of the statute provides that a lienholder "has the right, as specified in subsection (5), to demand a hearing or to post a bond." § 713.585(1)(j), Fla. Stat. (2019). Subsection (5), in turn, provides that "[a]t any time before the proposed or scheduled date of sale of a vehicle, . . . any person claiming an interest in the vehicle or a lien thereon, may post a bond following the procedures outlined in s. 559.917." § 713.585(5), Fla. Stat. (2019).

Sections 559.901–559.9221, Florida Statutes, contain the Florida Motor Vehicle Repair Act (the "Act"). § 559.901, Fla. Stat. (2020). Section 559.917 provides that "a person of record claiming a lien against a motor vehicle may obtain the release of the motor vehicle from any lien claimed under part II of chapter 713 by a motor vehicle repair shop" by filing a bond with the clerk, "payable to the person claiming the lien and conditioned for the payment of any judgment which may be entered on the lien." § 559.917(1)(a), Fla. Stat. (2020).

Once a bond has been posted, a motor vehicle repair shop has "60 days to **file suit to recover the bond**." § 559.917(1)(b), Fla. Stat. (2020) (emphasis added). "If the lienor fails to file suit within 60 days after the posting of such bond, the bond shall be discharged by the clerk." *Id.* In a suit to recover the bond, a lienholder has standing to defensively "'allege any violation of . . . chapter 559 in a proceeding instituted pursuant to this subsection[,]' § 713.585(5), Fla. Stat. (2019)," including statutory violations that arose during the interaction between the repair shop and the customer who left the car for repairs. *FGAP Inv. Corp. v. A1 Body & Glass of Coral Springs, LLC*, 46 Fla. L. Weekly D1762 (Fla. 4th DCA Aug. 4, 2021).

Here, the repair shop filed a Notice of Claim of Lien & Proposed Sale of Motor Vehicle to Satisfy Lien and sent notices to Joseph and SAFCO pursuant to section 713.585, Florida Statutes (2019). Taking advantage of subsection 713.585(5), SAFCO posted a bond in January 2020 and obtained the release of the Infiniti to its possession pursuant to section 559.917. Once the bond was posted, the repair shop had 60 days to file suit to obtain the bond money. § 559.917(1)(b), Fla. Stat. (2020). Instead of including SAFCO in a lawsuit to recover the bond, the repair shop filed

4

a one-count breach of contract complaint against Joseph. Because the repair shop failed to file suit to recover the bond against SAFCO within 60 days, the county court properly set aside the portion of the final judgment involving the bond and directed the clerk to release the bond to SAFCO. *Id.* ("If the lienor fails to file suit within 60 days after the posting of such bond, the bond shall be discharged by the clerk"); *see Sheltee, Inc. v. Davis*, 472 So. 2d 831, 832 (Fla. 4th DCA 1985) (holding that trial court did not depart from the essential requirements of law by ordering the release of a bond where repair shop did not "plead a claim against the bond" within 60 days as provided in section 559.917(1)(b)). To permit the repair shop to recover the bond in a breach of contract action solely against Joseph would sidestep SAFCO's statutory rights under section 559.917.

*Affirmed.*

FORST and KUNTZ, JJ., concur.

*　　*　　*

***Not final until disposition of timely filed motion for rehearing.***